WILLIAM A. BEERS ET UX. *vs.* THE BOSTON AND ALBANY
RAILROAD COMPANY.

Third Judicial District, New Haven, January Term, 1896. ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

If a common carrier of passengers receives personal luggage which it supposes to be that of a passenger, but. which in fact is not, without any express contract, and under circumstances which exclude any implied contract, it assumes no duty to the owner except to abstain from acts of willful, wanton, or intentional injury to the property while in its possession.

A man acts at his peril, but he is never liable as a wrong-doer for omissions, except in consequence of some duty voluntarily undertaken.

The plaintiffs caused two trunks to be checked at Saratoga for transportation to Albany by the Delaware and Hudson Railroad and thence to to New Haven over the lines of the defendant and the N. Y., N. H. & H. Railroad, but did not themselves intend to go by that route, but by a rival line over which they had bought tickets entitling them to transportation, and so informed the person who gave them the checks, who

Beers et Ux. *v.* Boston & Albany R. R. Co.

was not the servant or agent of any of the railroads over which the trunks were checked. The plaintiffs acted in good faith, and were told by the person who gave them the checks that they had the right to have their trunks go by the route indicated on the checks. The defendant was bound by a contract with the D. and H. Company to receive the personal luggage of· passengers who held tickets entitling them to pass over both roads between Saratoga and Springfield, and was led by the checks to suppose that the trunks were luggage of that character, and as such took them into its possession. While the trunks were being transported in a car over the defendant's line between Albany and Springfield, the train broke through a bridge, which had become defective through the gross negligence of the defendant, and the trunks and their contents were ruined. *Held* that the defendant was not liable for the loss.

[Argued January 29th—decided March 26th, 1896.]

ACTION to recover damages for two trunks alleged to have been delivered to the defendant as a common carrier and to have been lost through its negligence; brought to the Superior Court in New Haven County and tried to the Court, *Hall, J.,* upon defendant's demurrer to the plaintiffs' reply; the court sustained the demurrer and rendered judgment for the defendant, and the plaintiffs appealed for alleged errors in the rulings of the court. *No error.*

The complaint contained two counts. The first alleged (1) that the defendant was a common carrier between Albany and Springfield; (2) that pursuant to a contract between it and the Delaware & Hudson River Railroad Co., a common carrier between Saratoga and Albany, and the New York, New Haven & Hartford Railroad Co., a common carrier between Springfield and New Haven, the defendant had long been in the habit of receiving baggage from the Delaware & Hudson River Railroad Co. at Albany, and transporting it to Springfield, and there delivering it to the New York, New Haven & Hartford Railroad Co., whenever such baggage was so checked as to indicate that it was to be so carried and delivered; (3) that the defendant received at Albany, pursuant to said contracts, two trunks of the plaintiffs with checks, one marked " New Haven and Saratoga— 1010—via B. & A. & N. Y., N. H. & H.," and the other marked in a similar manner, but with another number;

which initials meant the Boston & Albany Railroad Co., and the New York, New Haven & Hartford Railroad Co., and indicated that said checks were issued pursuant to said contracts, as in fact they were, and that said trunks were to be transported to Springfield over the defendant's railroad and delivered to the New York, New Haven & Hartford Railroad Co., to be thence transported by it to New Haven; (4) that in consideration of the receipt of said trunks, and of said contracts, the defendant assumed control of them and engaged as such common carrier to transport them to Springfield, and there to deliver them to the New York, New Haven & Hartford Railroad Co.; and (5) that the defendant, by its gross negligence, suffered said trunks to be destroyed, and never delivered them to the New York, New Haven & Hartford Railroad Co., or the plaintiffs.

The second count, after repeating (1) the first three paragraphs of the first count, added (2) that the defendant as such common carrier received two trunks of the plaintiffs from the Delaware & Hudson River Railroad Company, at Albany, with the direction from it that they were to be safely transported to Springfield, and there delivered to the New York, New Haven & Hartford Railroad Co. for further transportation to New Haven, said trunks being properly checked and marked for such destination, as the defendant well knew, and the defendant deposited them in one of its cars for such transportation over its railroad; (3) that the defendant made up a train containing said car and started it for Springfield, in order to reach which it had to pass over a certain bridge; (4) that said bridge was then, and had long been, being repaired by the defendant, and consequently was, and long had been, in a defective and unsafe condition, so that it could not sustain the weight and force of a train, and when this train reached it, was, by the gross negligence of the defendant, in that condition, and wholly deserted by the defendant and its agents and servants, so that there was no one there to warn the conductor or engineer of its condition, or to signal the train to stop, by reason whereof it went on the bridge at full speed, and the

bridge broke down, carrying the car with it into a stream below, whereby the trunks and their contents were ruined.

The answer set up that the plaintiffs bought tickets from Saratoga to New Haven over a route which was a rival to that of which the defendant's railroad formed a part, and comprised a steamboat line on the Hudson River between Albany and New York; that without paying any consideration therefor, they caused their trunks to be checked over the route of which the defendant's railroad formed a part, to New Haven by way of Albany and Springfield, and received checks indicating that their trunks were to be so transported; that the trunks bearing said checks were delivered to the Delaware & Hudson Canal Co., at Saratoga, and were by it delivered at Albany to the defendant, to be transported to Springfield and there delivered to the New York, New Haven & Hartford Railroad Co., for transportation to New Haven; and the defendant received them, supposing from the checks that they belonged to passengers who had bought tickets over its railroad; that the only contract between it and the Delaware & Hudson Canal Co., was one providing for the transportation of passengers who had bought such tickets; and that the plaintiffs had neither bought nor held any such tickets, nor did they become passengers on the defendant's road, or enter into any contract with the defendant for the transportation of said trunks; and that the trunks were destroyed without any willfulness, malice or intentional wrong, or anything equivalent or amounting thereto, on the part of the defendant.

The reply stated that, when the plaintiffs checked the trunks, they were informed by the person who had the checks in his possession, that they had the right, by virtue of their tickets, to have the trunks checked in this way, over the defendant's railroad from Albany to Springfield; and they caused them to be so checked, supposing that he had the authority to make such statement and so to check said trunks, and relying upon and believing such statement; and were guilty of no fraud or intentional wrong, but acted in good faith.

The defendant filed a demurrer to the reply, which was sustained ; and the plaintiffs declining to amend their pleadings, judgment was rendered for the defendant, from which this appeal was prosecuted.

*E. P. Arvine* and *Lyman E. Munson*, for the appellants (plaintiffs).

The first of several connecting carriers, bound together by a through traffic agreement, is the agent of the others, and the others are bound by the acts of its employees, performed within the general scope of their authority. *Hartan* v. *Eastern R. Co.*, 114 Mass., 44; *Penn. R. Co.* v. *Swarzenburger*, 45 Pa. St., 208. The road actually carrying the baggage at the time of injury is the principal, and is answerable in suit brought directly against it by the owner of the baggage. *Harp* v. *Grand Era*, 1 Woods (U. S.), 184 ; *Chicago & R. I. R. Co.* v. *Fahey*, 52 Ill., 81 ; *Packard* v. *Taylor*, 35 Ark., 402; *Conkey* v. *Milwaukee & St. P. R. Co.*, 31 Wis., 619 ; *Halliday* v. *St. Louis, K. C. & N. R. Co.*, 74 Mo., 159 ; *Young* v. *Penn. R. Co.*, 115 Pa. St., 112; *Penn. R. Co.* v. *Connell*, 112 Ill., 292. It is immaterial that the Delaware & Hudson Canal Company had express authority to check the baggage of those only, who had purchased tickets. They and their employees were clothed with apparent power, and the defendant cannot expect the public to scrutinize their credentials. *Gelvin* v. *Kansas City, St. J. & C. B. R. Co.*, 21 Mo. App., 273 ; *Deeming* v. *Grand Trunk R. Co.*, 48 N. H., 455 ; *Pruitt* v. *Hannibal & St. J. R. Co.*, 62 Mo., 527 ; *Harrison* v. *Missouri Pac. R. Co.*, 74 Mo., 364; *Lake Shore & Mich. So. R. Co.* v. *Foote*, 104 Ind., 293 ; *Jacobs* v. *Tutt*, 33 Fed. Rep., 412; *Hannibal & St. J. R. Co.* v. *Swift*, 12 Wall., 262 ; *Ouimit* v. *Henshaw*, 35 Vt., 605 ; *Smith* v. *Railroad*, 27 N. H., 86. An authority to check baggage is to be inferred from the possession of checks. *Illinois Cen. R. Co.* v. *Copeland*, 24 Ill., 332 ; *Isaacson* v. *N. Y. C. & H. R. Co.*, 94 N. Y., 278, 285. The defendant is liable as a bailee by virtue of the receipt of the baggage. The liability of a bailee does not necessarily arise out of contract, but is often imposed by

law. Schouler on Bailments and Carriers (2d Ed.), §§ 9, 28, 668; *Nolton* v. *R. R. Co.*, 15 N. Y., 444; note to *Waterbury* v. *N. Y. C. & H. R. Co.*, 17 Fed. Rep., 674; *Smith* v. *R. R. Co.*, 27 N. H., 86; *Rumsey* v. *N. E. Ry. Co.*, 14 C. B. N. S., 641; *Wilson* v. *Grand Trunk R. Co.*, 56 Me., 160, 57 Me., 138; *Graffam* v. *Boston & Me. R. Co.*, 67 Me., 234; *The Elvira Harbeck*, 2 Blatch. (U. S.), 336; *Flaherty* v. *Greenman*, 7 Daly (N. Y.), 481; *Lemon* v. *Chansler*, 68 Mo., 340, 357; *Skelley* v. *Kahn*, 17 Ill., 170; *Flint & P. M. R. Co.* v. *Wier*, 37 Mich., 111; *Gray* v. *Mo. Riv. Packet Co.*, 64 Mo., 47; *McCauley* v. *Davidson*, 10 Minn., 418. The liability of a carrier is imposed by law. It exists although there has been no payment of fare or agreement to pay fare. *Buffet* v. *Troy & Boston R. Co.*, 40 N. Y., 168; *Gordon* v. *Grand Street & Newtown R. Co.*, 40 Barb. (N. Y.), 546; *Ross* v. *War Eagle*, 14 Iowa, 363; *Green* v. *Milwaukee & St. Paul R. Co.*, 41 Iowa, 410; *Woods* v. *Devin*, 13 Ill., 646. The defendant is liable for at least gross negligence, on the broad, general ground that it had the custody of the property. Schouler on Bailments and Carriers (2d Ed.), § 3; 4 Lawson's Rights, Remedies and Practice, § 1695; Story on Bailments (9th Ed.), § 59; *Phelps* v. *People*, 72 N. Y., 334, 358; *Newhall* v. *Paige*, 10 Gray (Mass.), 366; *Wilson* v. *C. & O. R. R. Co.*, 21 Gratt. (Va.), 654, 664. The principle was applied in *Fairfax* v. *Railroad*, 73 N. Y., 167; *Austin* v. *Railroad*, L. R. 2 Q. B. 442. Some cases hold that there is liability for gross negligence, even if the owner of baggage has been guilty of fraud. *Railroad* v. *Beggs*, 85 Ill., 80; *Collins* v. *Boston & Me. R. Co.*, 10 Cush. (Mass.), 506. The case of *Gardner* v. *N. H. & N. Co.*, 51 Conn., 143, is clearly distinguishable from the case at bar.

*George D. Watrous* and *Edward G. Buckland*, for the appellee (defendant).

The right of action in this case is governed by the law of the place where the accident occurred, viz, Massachusetts. Cooley on Torts, *471; *Le Forest* v. *Tolman*, 117 Mass., 109; Story, Confl. of Laws, § 307 d; *Mostyn* v. *Fabrigas*, 2 Sm.

Lead. Cas. (9th Am. Ed.),964; Addison, Torts, 28, 29; *Dennick* v. *R. R.*, 103 U. S., 18; *Dunlap* v. *Internat. Steamboat Co.*, 98 Mass., 371; *Wright* v. *B. & A. R. R.*, 142 id., 296; *Planz* v. *R. R. Co*, 157 id., 377. The mere fact that the man at Saratoga had checks in his possession, does not of itself constitute him the agent of the defendant even to check the baggage of its passengers; *a fortiori* it would not make him its agent to check trunks for persons who neither were, nor intended to become, its passengers. Wharton on Evidence, § 1316; Best on Evidence, § 357; *Short* v. *Lee*, 2 J. & W., 464; *Coon* v. *Gurley*, 49 Ind., 199; *First Nat. Bank* v. *Council Bluffs Water Co.*, 56 Hun, 412; *Morgan* v. *Farrel*, 58 Conn., 426. It does not appear that defendant misled the plaintiffs, or allowed them to be misled in any way. The good faith of the plaintiffs can only affect their remedy against the person who misled them. *Talcott* v. *W. R. Co.*, 66 Hun, 462. Where no duty is owed there can be no negligence. Cooley on Torts, *660; Shearman & Redfield, Neglig., § 8, and cases; *Nolan* v. *N. Y., N. H. & H. R. Co.*, 53 Conn., 461; *Farrell* v. *W. H. R. Co.*, 60 id., 246; *O'Neill* v. *East Windsor*, 63 id., 153. There is no special force in the allegation of "*gross*" negligence. *Railroad Co.* v. *Lockwood*, 17 Wall., 357; *Waterbury* v. *N. Y. C. & H. R. R. Co.*, 17 Fed. Rep. 675, note. In the absence of any duty created by a contractual relation with the plaintiff, the defendant owed only the absolute duty which binds every man to refrain from willful and wanton injury to the property of another. *Dunlap* v. *Internat. Steamboat Co.*, *supra;* *Wright* v. *B. & A. R. Co.*, *supra;* *Planz* v. *R. R. Co.*, *supra;* *Gardner* v. *Railroad*, 51 Conn., 143; Austin's Juris., 194; *T. W. & W. R. R.* v. *Beggs*, 85 Ill., 80; Lawson on Contracts, § 229; *Becher* v. *G. E. R. Co.*, 5 Q. B., 241; *Fairfax* v. *R. R.*, 5 J. & S. (N. Y.), 516; *Talcott* v. *W. R. Co.*, *supra;* *Blumenthal* v. *M. C. R.*, 79 Me., 550; *Belfast R. Co.* v. *Keyes*, 9 H. L. Cases, 573. When a person is deceived into taking a thing into his possession, no contract of bailment can arise unless he so elects after knowing the truth. Story on Bailments, §§ 59, 155, 372, 381; *Lloyd* v. *W. B. Ins. Bank*, 15 Pa. St. 172; Amos, Roman Civil Law, pp. 197, 199, 216.

The compensation for carrying baggage, as baggage, is included in the price paid for the ticket by the passenger. *Smith* v. *R. R.*, 44 N. H., 332, and cases; 3 Wood on Railroads, §§ 400, 403; *Hannibal R. R.* v. *Swift*, 12 Wall., 262, 274. It follows that if there is no contract to carry a passenger, there can be no contract to carry his baggage as baggage.

BALDWIN, J. If the defendant came under any obligation to make good the plaintiffs' loss, it must have been either by virtue of some contract between them, or of actionable negligence.

No such contract is alleged, unless one can be implied from the reception by the defendant, at Albany, of their luggage, so checked as to indicate that it was to be transported over its railroad to Springfield. It is not averred that the person from whom they obtained the checks was an agent of the defendant, or had any authority to act or speak in its behalf; nor even that he was an agent of the Delaware & Hudson Canal Company, with which the defendant was in contract relations. His statements, therefore, and the plaintiffs' reliance upon them, are of no importance except as evincing their good faith in the transaction. On the other hand, the effect of the reply was to admit that the defendant received the luggage, under the mistaken supposition that it belonged to passengers who had bought tickets over its road, and so that its transportation on its railroad had been duly paid for. Had trunks, marked as destined to Springfield, been received by the defendant without any particular contract or understanding in regard to their transportation, it would have assumed, simply from its position as a common carrier, an obligation to transport them safely, and have had a right to a proper compensation, when the service was performed. But an express contract existed between it and the Delaware & Hudson Canal Co., under which it was bound to receive the personal luggage of passengers who held tickets entitling them to pass over both roads between Saratoga and Springfield, and the defendant

was led by the checks to suppose that the trunks of the plaintiffs were luggage of that character. It did not, therefore, receive them under such circumstances as to create such an implied contract with their owners. An implied contract between two parties is only raised when the facts are such that an intent may fairly be inferred on their part to make such contract. Such an intent may be implied, although it be certain that it never actually existed, but not unless the parties are in such relations that each ought to have had it.

In the case at bar, the facts not only do not justify but absolutely exclude such an implication. The plaintiffs did not intend to pay the defendant for the transportation of the trunks. They supposed that they had already paid for this, in purchasing tickets to New Haven by way of the Hudson River. The defendant did not intend to make any charge for their transportation. It supposed that compensation for this had been made already, under and as an incident of an express contract, made in its behalf by the Delaware & Hudson Canal Co., for the transportation of the owners as passengers over its railroad.

The plaintiffs and the defendant were alike misled by appearances. It is one of those cases where a loss must be sustained by one or the other of two parties, who are equally innocent of wrong, but one of whom placed it in the power of a third person to do the act which caused the injury. The plaintiffs acted in good faith in accepting the checks in question from some one in Saratoga, and causing them to be placed on their trunks; but it was this that induced the Delaware & Hudson Canal Co. to deliver the luggage to the defendant, at Albany, and the defendant to receive it as belonging to those whose right it was to have it transported over its line to Springfield. The plaintiffs could not in this way force the defendant into a contract relation which it certainly would never have intentionally assumed.

The defendant, having taken the plaintiffs' property into its possession for transportation over a railroad which it operated as a common carrier, was not free from all respon-

sibility for its safe-keeping, notwithstanding it accepted its custody without any contract, express or implied.

It is admitted by the pleadings that not only did the defendant run the train, in which the property was, upon a bridge which was and long had been so defective that it could not sustain such a burden, but also that no one was stationed there to give any warning of the danger or signal the train to stop, and that the luggage was destroyed by reason of its gross negligence in these respects, but " without any willfulness, malice, or intentional wrong, or anything equivalent or amounting thereto." The defendant did not receive the trunks in the capacity of a common carrier of goods for hire. They were delivered to it and accepted by it in the capacity of a common carrier of passengers for hire. In fact, there were no passengers to be carried, to whom they belonged, but this, whether then known or unknown to the defendant, would be no excuse for any willful or intentional injury to property actually in its possession. We think, however, that it was a sufficient excuse for the negligence which is confessed. Actionable negligence is the neglect of a duty. What duty did the defendant owe to the plaintiffs ? Simply that of abstaining from anything amounting to willful or wanton injury to their property in its possession. *Gardner* v. *New Haven & Northampton Co.*, 51 Conn., 143, 150. That cannot be deemed a wanton exposure of it to destruction which consisted only in running a train of cars upon an unsafe bridge, by which its own property, as well as theirs, was involved in a common loss. " Negligence signifies a want of care in the performance of an act, by one having no positive intention to injure the person complaining of it." *Pitkin* v. *N. Y. & N. England Railroad Company*, 64 Conn., 482, 490. It is true that this definition might not exclude the liability, in some instances, of a principal on the ground of negligence, for damage consequent upon a direct act of violence or trespass on the part of servants; but this is not a case of that description. The gross negligence with which the defendant was chargeable consisted wholly of omissions. There was no willful

wrong, nor yet such reckless misconduct as can be deemed its equivalent.

Had the defendant voluntarily assumed the position of a depositary (taking this term in its strict meaning of a bailee without reward), it would not have been bound under the rules of the Roman law, which have become a part of the common law, to treat the plaintiffs' property with any more care than it gave to its own. *Coggs* v. *Bernard*, 2 Lord Raym. 909 ; Dig., 16, 3, *depositi vel contra*, 32. Good faith would have been the measure of its obligations. Dig., 16, 3, 20. He who intrusts his property to a careless man, if loss ensues, must lay it to the account of his own imprudence in putting it into such hands. Inst., 3, 15, *quibus modis re contrahitur obligatio*, 3.

But in the case before us, the elements of a bailment are wanting, for there was no contract express or implied between the parties. 2 Kent's Commentaries, \*780. The defendant's obligations, not being contractual, were less than those attaching to bailees of any class. No man can have the care of another's property thrust upon him without his invitation or consent, in such a way as to raise a duty calling for the performance of positive acts of protection. He may be bound to refrain from acts of direct injury. This is a mere negation of wrongdoing. A man acts at his peril; but he is never liable for omissions, except in consequence of some duty voluntarily undertaken. Holmes on the Common Law, 82. Had the defendant willfully thrown the plaintiffs' trunks from the bridge into the stream below, a liability would have been incurred; but this would have been an act of violence, not an absence of care. Gross negligence is not actionable where not even slight care was due. *Dunlap* v. *International Steamship Co.*, 98 Mass., 371, 379. However blameworthy, it is still essentially different from intentional wrongdoing. *Magna negligentia culpa est ; magna culpa, dolus est.* Dig. 50, 16, *de verborum significatione*, 226.

Had the checks indicated that the trunks were to be sent over the river route, their reception by the defendant for carriage over its route would have presented a very differ-

ent question. *Fairfax* v. *N. Y. C. & H. R. R. R. Co.*, 73 N. Y., 167, 170.

The ruling on the demurrer, with which the pleadings under the original complaint were closed, was in conformity to the views which we have expressed. It is therefore unnecessary to inquire whether, had there been error, it would not have been waived by filing a substituted complaint.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.