NELLIE M. HICKS, Appellant, v. THE WABASH RAILROAD
COMPANY.

**Carriers:** LOSS OF BAGGAGE: LIABILITY. A carrier transporting
1 goods as baggage is only liable for its loss as such when it is
checked and transported as incident to the transportation of
a passenger, otherwise its liability for loss is as a carrier of
goods.

**Same:** LIABILITY AS A WAREHOUSEMAN. The liability of a com-
2 mon carrier terminates when the goods have reached their
destination and are ready for delivery, and it is thereafter
liable as warehouseman, although the owner has received no
notice of their arrival and has had no opportunity to take
them away.

*Appeal from Fremont District Court.*— HON. O. D.
WHEELER, Judge.

THURSDAY, JULY 12, 1906.

ACTION to recover the value of a trunk and its con-
tents, belonging to plaintiff, transported by defendant as a
common carrier of passengers, as baggage, from the town
of New Conception, in Missouri, to Shenandoah, in Iowa,
and there destroyed by accidental fire. The defendant de-
nied that plaintiff was a passenger on defendant's road and
that the trunk of plaintiff was transported as baggage, and
further alleged that the trunk and its contents were trans-
ported by defendant as a common carrier of goods, and were
accidentally destroyed by fire after reaching their destina-
tion and without fault on the part of defendant. There
was a verdict for defendant, and from the judgment thereon
plaintiff appeals.— *Affirmed.*

*W. E. Mitchell,* for appellant.

*T. S. Stevens,* for appellee.

McCLAIN, C. J.— Plaintiff arrived with her trunk at the town of New Conception on the train of the Chicago Great Western Railroad Company, with the intention of there taking a train on the defendant road for her destination which was Shenandoah. Finding, however, that no trains were running on the defendant road by which she could reach her destination, she proceeded on the suggestion of defendant's agent, who was also the agent of the Chicago Great Western Railroad Company, on the train of the latter to another point in Missouri, from which by a roundabout way she reached Shenandoah over defendant's road. By reason of lack of time plaintiff's trunk was not rechecked from New Conception, and remained there until plaintiff arrived at Shenandoah, when defendant's agent telegraphed to the agent at New Conception to forward plaintiff's trunk with charges for storage and transportation. The trunk was then rechecked from New Conception to Shenandoah and the check was sent by railroad mail to defendant's agent at Shenandoah. The evidence tends to show that the trunk was carried in defendant's baggage car and unloaded at Shenandoah about nine o'clock on Sunday night, and that there was no baggage master usually present to receive and deliver baggage arriving on that train. One Miller, representing a transfer company, had agreed with plaintiff that he would receive the trunk when it arrived and transport it to plaintiff's residence; but in the absence of any baggage master he did not attempt to secure the trunk on its arrival, and before he called for it the next morning the defendant's station house and all the baggage contained therein, presumably including plaintiff's trunk, were destroyed by fire without defendant's fault.

Counsel for appellant insists on two different views of the relations of plaintiff and defendant, under either of which, as he claims, plaintiff was entitled to recover: (1)

That plaintiff's trunk was transported by defendant as baggage, and that defendant, as common carrier of passengers, was liable therefor until the plaintiff had had a reasonable opportunity to receive it and take it away; and (2) that, if the defendant was a common carrier of goods as to the trunk, then defendant was liable therefor as common carrier, because plaintiff had an agent present at the arrival of the trunk ready to take it away, and was unable to do so by reason of the fault of defendant in not having some agent there authorized to deliver the trunk to plaintiff's representative.

I. We think it is perfectly clear that defendant was not as to this trunk the carrier of a passenger's baggage. The trunk was not carried from New Conception to Shenandoah as the baggage of a passenger, even though it may have been checked and carried in a baggage car. A carrier of passengers is liable for baggage only when the baggage is checked and transported as incident to the transportation of a passenger, and plaintiff was not a passenger on defendant's road from New Conception to Shenandoah. The trunk remained at New Conception in the possession of the Chicago Great Western Railroad Company until the agent of that Company who was also the agent of defendant company, checked it to Shenandoah in pursuance of an order from defendant's agent to forward it with storage and transportation charges. The trunk was therefore forwarded by defendant as a carrier of goods for hire, and not as passenger's baggage. That a carrier transporting goods as baggage which is not in fact the baggage of a passenger is not liable for such baggage as a carrier of passengers is well settled. See *Beers v. Boston & A. R. Co.,* 67 Conn. 417 (34 Atl. 541, 32 L. R. A. 535, 52 Am. St. Rep. 293).

1. CARRIERS: loss of baggage: liability.

II. But the defendant was beyond question a common carrier of goods as to plaintiff's trunk from New Conception to Shenandoah, for it undertook to transport the trunk

for a reasonable compensation to be paid, and the only question on this branch of the case is whether

**2. SAME: liability as warehouse-man.** its liability as common carrier had terminated and that of warehouseman had arisen before the destruction of the trunk by fire in defendant's station house; for it is conceded that the loss was one for which the defendant would be liable if it still held the trunk as common carrier, but would not be liable if the trunk was in its possession as warehouseman. The rule which has been consistently adopted by this court from the beginning is that the liability of the common carrier, as such, terminates when the goods have reached their destination and are ready for delivery to the consignee, and that thereafter the carrier is warehouseman only, even though the consignee has received no notice of the arrival of the goods at their destination and has had no opportunity to take them away. *Francis v. Dubuque & S. C. R. Co.,* 25 Iowa, 60; *Mohr v. Chicago & N. W. R. Co.,* 40 Iowa, 579; *Independence Mills Co. v. Chicago & N. W. R. Co.,* 72 Iowa, 535. The general weight of authority no doubt is that the carrier remains liable as carrier until the consignee has had a reasonable opportunity to take the goods. This is the ruling announced by the New Hampshire court in the leading case of *Moses v. Boston & Maine R. R.,* 32 N. H. 523 (64 Am. Dec. 381), followed in New York, *Faulkner v. Hart,* 82 N. Y. 413 (37 Am. Rep. 574), in Michigan, *McMillan v. Michigan S. & N. I. R. R. Co.,* 16 Mich. 79 (93 Am. Dec. 208), and in many other jurisdictions. But this court has followed the Massachuetts rule announced in *Norway Plains Co. v. Boston & Maine R. R.,* 1 Gray (Mass.) 263 (61 Am. Dec. 423); *Rice v. Hart,* 118 Mass. 201 (19 Am. Rep. 433), and approved in Illinois, *Merchants' Dispatch Trans. Co. v. Moore,* 88 Ill. 136 (30 Am. Rep. 541), and in some other jurisdictions as well as in Iowa. The cases from Massachusetts and Illinois just cited illustrate the application of this rule to cases very similar to the one before us, and

there can be no question that under this rule the defendant had ceased to be a common carrier as to the plaintiff's trunk when it was placed in its station house, and had become liable therefore as warehouseman only.

The rule as to termination of liability for baggage is different from that as to goods. See *Mote v. Chicago & N. W. R. Co.*, 27 Iowa, 22; *Ditman Boot & Shoe Co. v. Keokuk & W. R. Co.*, 91 Iowa, 416. But as already pointed out there is no occasion to discuss the question whether if defendant had been transporting the plaintiff's trunk as baggage it would have been liable for its loss. Defendant can be liable, if at all, only as a common carrier of goods. Counsel for appellant contends that even as to goods the consignee is entitled to an opportunity to receive them from the carrier as carrier, and that the relation of warehouseman intervenes only when the consignee is not ready to take the goods on their arrival. But as above indicated, such is not the rule in this state, and even if it were, the plaintiff does not make out a case under the evidence; for while Miller, the agent of the transfer company, had authority to receive the trunk on its arrival he did not attempt to get it nor, so far as disclosed in the evidence, advise the agent of the defendant that he was ready to take it. It does not appear that if he had demanded the trunk when it arrived by applying to the night operator of defendant in charge of the station it would not have been delivered to him. But we need not go into a discussion of the evidence on this point for we are satisfied to follow the rule recognized by the previous decisions of this court.

The judgment of the trial court, based on a verdict rendered under instructions correctly stating the rule as to defendant's liability, recognized in the previous decisions of this court is *affirmed.*