LOUISE MENZIE, P. P. A., vs. SAMUEL KALMONOWITZ.

Second Judicial District, Norwich, October Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Misconduct is wanton or wilful when it indicates a reckless disre-
    gard of consequences or of the just rights and safety of others.
Contributory negligence is not a defense to an action for wanton
    and wilful misconduct.
A general verdict for the plaintiff must stand if it can be sup-
    ported upon either of two causes of action alleged in the com-
    plaint.
Ordinary care, as applied to a young child, means such care as may
    reasonably be expected of children of similar age, judgment and
    experience, under the same circumstances.
The jury might reasonably have found that as the plaintiff, a girl
    between fifteen and sixteen years of age, alighted from a trolley
    car at a usual stopping-place and took two or three steps toward
    the curb, the defendant, who was driving his truck behind the
    car and knew, or should have known, that it was about to stop,
    drove by it at a high rate of speed, giving no signal of his
    approach and passing within two feet of the car, although there
    was seventeen feet of clear roadway between the track and
    the curb; and that he made no attempt to halt his truck, the
    brakes of which were in a defective condition, until he had
    struck and injured the plaintiff, his explanation of his conduct
    being, "I took a chance and that was the mistake." *Held* that
    the jury were justified in concluding that the plaintiff was
    injured by reason of the wanton misconduct of the defendant.

Argued October 18th, 1927—decided January 6th, 1928.

ACTION to recover damages for personal injuries, al-
leged to have been caused by the negligence of the de-
fendant, brought to the Superior Court in New London
County and tried to the jury before *Brown, J.;* verdict
for the plaintiff for $10,000, of which she remitted the
sum of $1,500 upon order of the trial court, and from
the judgment for the balance the defendant appealed.
*No error.*

*Charles Hadlai Hull,* for the appellant (defendant).

*S. Victor Prince,* for the appellee (plaintiff).

MALTBIE, J.  From the evidence offered upon the trial, the jury might have reached the following conclusions: The plaintiff, a girl between fifteen and sixteen years of age, was struck by an automobile truck operated by the defendant just after she had alighted from a trolley car in which she had been a passenger. As the car approached the street corner where she desired to get off, she signaled the operator to stop by pressing a button, arose from her seat and proceeded to the door, which was at the front end of the car. The car was of the so-called "safety" type, the mechanism being so arranged that the door could not open until the car had come to a stop.  The plaintiff stepped to the street and proceeded at a hurried walk or trot toward the curb, taking a diagonal course and facing somewhat in the direction in which the car had been going.  When she had taken two or three steps and was some five or six feet away from the car she was struck by the truck driven by the defendant.

The truck had been following the car for a distance of more than a block.  No witness except the defendant was so situated as to be able to definitely place its position when the car came to a stop; but one of the plaintiff's witnesses placed it as opposite the rear end of the trolley car when the plaintiff was getting off the step and another, who sat in the third seat from the rear, testified that it went by him just as she was getting off; and from this testimony and the other facts in evidence it would be a reasonable inference that the truck was behind the car when it stopped, certainly that it was behind it when it began to slow down for the stop.  The point where the trolley car stopped

was a regular stopping-place and this the defendant well knew. He did not blow his horn to signal his approach. He drove by the trolley at a high rate of speed; he passed it so closely that the side of his truck was only about two feet away, although there was some seventeen feet of open roadway between the trolley track and the curb; and he made no attempt to stop until after he had struck the plaintiff.

The defendant stated after the accident that his brakes had not been working well, and an examination disclosed that they were in a very defective condition. His explanation of the accident was that the trolley car came to a very sudden stop, that his truck was then beside it, almost at the door, that there was no opportunity to stop and he did not attempt to do so, and that he thought he could pass the door before anyone could get out. He testified: "Sometimes a man forgets and he takes a chance. I took a chance and that was the mistake." The jury were entitled to disregard so much of his testimony as related to the sudden stopping of the trolley and the position of the truck at that time, and to apply to the facts which, as already pointed out, they might have found from the other testimony in the case, his statement as to his failure to attempt to stop, his belief that he could get by, and his admission, that he "took a chance."

The complaint stated a cause of action not merely for negligence but also one for wanton misconduct. Wanton misconduct is more than negligence, more than gross negligence. It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of action. Wilful misconduct is intentional misconduct, and wanton misconduct is reckless misconduct, which is the equivalent of wilful misconduct. *Beers* v. *Boston & Albany R.*

Menzie *v.* Kalmonowitz.

*Co.,* 67 Conn. 417, 426, 34 Atl. 341; *Gonier* v. *Chase Companies, Inc.,* 97 Conn. 46, 55, 115 Atl. 677; *Banks* v. *Braman,* 188 Mass. 367, 74 N. E. 594. In the instant case the jury might have found that the defendant, ·knowing, or bound with knowledge because by a reasonable use of his faculties he should have observed, that the trolley was about to stop, nevertheless attempted to pass it at a distance of only two or three feet, driving at a high rate of speed, in the effort to get by the front door before anyone alighting from it could get into the street, and that he did this without blowing his horn and knowing that the brakes on his car were in so defective a condition that he could not readily stop if he had need to do so. Surely such conduct might be reasonably considered to indicate a reckless disregard of the just rights and safety of others, and the animus implied in the admission of the defendant that he "took a chance" would serve to characterize that conduct as equivalent to wilful misconduct. There was ample justification for a conclusion by the jury that the plaintiff received her injuries by reason of the wanton misconduct of the defendant.

. The defendant contends that the jury could not reasonably have reached the conclusion that the plaintiff was free from contributory negligence. We need not discuss this contention because contributory negligence is not a defense to a cause of action for wanton misconduct. *Nehring* v. *Connecticut Co.,* 86 Conn. 109, 122, 84 Atl. 301, 524; 1 Shearman & Redfield on Negligence (6th Ed.) § 114a. It follows that the verdict for the plaintiff upon the ground of the defendant's wanton misconduct could not be said to have been improperly reached from the evidence. As the verdict was a general one, it becomes unnecessary to consider whether it might not also have been reached upon the cause of action for negligence. *Worth* v.

*Dunn,* 98 Conn. 51, 63, 118 Atl. 467; *Blake* v. *Water-bury,* 105 Conn. 482, 486, 136 Atl. 95. There is no error in the refusal of the trial court to set aside the verdict.

The claims of error in the additional appeal do not require discussion, save in one instance. The defendant complains of the charge of the court with respect to contributory negligence on the part of the plaintiff because, in defining the standard of care to be applied, it made the test, such care as a girl of the same age, experience, intelligence and judgment would use. This charge was in substantial accord with the rule which our decisions have established. " 'Ordinary or reasonable care, as applied to a young child, means such care as may reasonably be expected of children of similar age, judgment and experience, under the circumstances.' " *DiMaio* v. *Yolen Bottling Works,* 93 Conn. 597, 600, 107 Atl. 497; *Lederer* v. *Connecticut Co.,* 95 Conn. 520, 525, 111 Atl. 785; *Rappa* v. *Connecticut Co.,* 96 Conn. 285, 288, 114 Atl. 81.

There is no error.

In this opinion the other judges concurred.