STATE OF CONNECTICUT *v.* DOMINIC J. EGIDIO

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 15-2779

Argued June 1—decided August 14, 1962

*Frederic E. Mascolo,* of Waterbury, for the appellant (defendant).

*John F. Walsh,* assistant prosecuting attorney, for the appellee (state).

DEARINGTON, J. The defendant was convicted of reckless driving in violation of § 14-222 of the General Statutes and has appealed. He assigns error in the conclusions of the court based on the subordinate facts and in the conclusion that upon all the evidence he was guilty beyond a reasonable doubt. However, since upon the last assignment we determine from the entire evidence whether the court erred in holding that guilt was established by the requisite degree of proof, it is unnecessary to consider in detail the claim of error directed to the finding. *State* v. *Pundy,* 147 Conn. 7, 8.

The finding of the court discloses the following pertinent facts: On December 14, 1961, shortly before 7:45 a.m., Herbert C. Sengle was driving his car at the rate of forty-five miles per hour in a northerly direction on the Berlin turnpike in the town of Berlin, in the vicinity of Deming Road. The Berlin turnpike is a four-lane highway, the two northbound lanes being divided from the two southbound lanes. Sengle was proceeding in the righthand lane while two cars ahead of him were proceeding in the same direction in the lefthand lane. The

car driven by the defendant suddenly passed Sengle in the left lane and cut over into the right lane, forcing Sengle to apply his brakes and pull his car to the shoulder of the road. The defendant's car then proceeded in the righthand lane, passing the two cars in the left lane ahead of Sengle. In the vicinity of the Connecticut Light and Power Company plant, the defendant, continuing in the right lane, passed another vehicle traveling in the left lane. Shortly thereafter, the defendant approached a traffic control light and was approximately 100 feet south of this light when it turned red. The defendant at this time suddenly pulled over into a line of traffic in the left lane, causing the operators of two cars in that lane, one of whom was a witness for the prosecution, to apply their brakes, and forcing one to pull off the road. Still later, the defendant cut over to the righthand lane and passed two cars in the lefthand lane. In the vicinity of Willard Avenue, a traffic signal light turned red, and the defendant pulled over onto the righthand shoulder of the highway. When the light turned green, he attempted to return to the righthand lane and forced another car off its course. Such operational conduct on the part of the defendant occurred during a distance of at least a mile. The weather was good and the road surface dry. The defendant, a deputy sheriff, was crisscrossing the Berlin turnpike in pursuit of a vehicle he was attempting to attach.

There is no real dispute as to the essential facts in this case. At the trial, the defendant advanced a claim that as a matter of law a sheriff who is operating a car in the administration of his duties is shielded by some sort of immunity. For obvious reasons, this claim was abandoned, though it may afford some explanation for the defendant's operational conduct. The decisive inquiry is whether the trial court was warranted in finding the defendant

guilty of operating a motor vehicle recklessly, within the meaning of the statute. The defendant in his argument and brief admits that his conduct was negligent, inadvertent and imprudent, but he denies it was reckless.

In *Menzie* v. *Kalmonowitz*, 107 Conn. 197, 199, it was held that "[w]anton misconduct is more than negligence, more than gross negligence. It is such conduct as indicates a reckless disregard of the just rights or safety of others or the consequences of action. Wilful misconduct is intentional misconduct, and wanton misconduct is reckless misconduct, which is the equivalent of wilful misconduct." In *Brock* v. *Waldron*, 127 Conn. 79, 84, the court said: "One is guilty of reckless misconduct when 'knowing or having reason to know of facts which would lead a reasonable man to realize that the actor's conduct not only creates an unreasonable risk of bodily harm to the other but also involves a high degree of probability that substantial harm will result to him.'" In *State* v. *Camera,* 132 Conn. 247, 250, 251, the court said: "A person is guilty of reckless misconduct when he intentionally does an act, or fails to do an act in violation of his duty, with knowledge of the serious danger to others involved in it or of facts which would disclose that danger to a reasonable man. . . . It is 'reckless indifference to the safety of others which supplies the criminal intent necessary to warrant conviction.'" We have held that "thoughtless," "heedless," "inadvertent" or "momentary careless" misconduct, though evincing a high degree of negligence, does not constitute reckless misconduct within the meaning of the statute. See *State* v. *Edwards,* 22 Conn. Sup. 391, and cases cited. The conduct of the defendant, however, went far beyond any momentary lapse in judgment or impulsive inadvertence. His operation demonstrated a persistent course of intentional conduct

consisting of repeated acts of danger accompanied by a reckless indifference to the safety and just rights of others lawfully upon the highway.

Upon the evidence, the court was justified in concluding that the defendant was guilty of the crime charged beyond a reasonable doubt.

There is no error.

In this opinion PRUYN and GEORGE, Js., concurred.