[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
Whether the court should grant the defendants' motion to strike counts two, four and five of the plaintiffs' complaint on the ground that they fail to state causes of action.
The motion to strike count two is denied. The motion to strike counts four and five is granted.
FACTS
The plaintiffs, William T. Guy, Administrator of the Estate of Catherine I. Guy, et al., filed a five count complaint against the defendants, Mary Reed, d/b/a Cafe Delmar CT Page 2015 (Reed), the owner and permittee/backer of Cafe Delmar, Jack C. Nelson (Nelson), the permittee of Cafe Delmar, and James M. Lowery, Jr. (Lowery), the individual who committed an assault and battery resulting in the death of plaintiff's decedent. The first count, which alleged a violation of the Dram Shop Act, General Statutes Section 30-102, was dismissed by the court (Purtill, J.) for failure to bring the action within the time limited by statute. Count two alleges wanton and reckless conduct by the defendants Reed and Nelson. Count three alleges a cause of action against defendant Lowery and is not the subject of the motion to strike presently before the court. Counts four and five claim emotional distress damages against all of the defendants on behalf of the decedent's mother and siblings.
On November 7, 1991, the defendants Reed and Nelson filed a motion to strike counts two, four and five of the plaintiffs' complaint for failure to state a cause of action. As required by Practice Book Section 155, the defendants have filed a memorandum of law in support of their motion to strike, and the plaintiffs have timely filed a memorandum of law in opposition.
DISCUSSION
The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988). The motion to strike admits all facts well pleaded, but it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). The motion to strike must fail "if the facts provable under its allegations would support a . . . cause of action." Mingachos, supra, 109.
COUNT TWO — RECKLESS SERVICE OF ALCOHOL
Count two of the plaintiffs' complaint alleges that the defendants Reed and Nelson were wanton or reckless in the service of alcohol.
At common law, no action in negligence existed against one who furnished intoxicating liquor to a person who voluntarily became intoxicated and injured the person or property either of himself or another. See Ely v. Murphy,207 Conn. 88, 93, 540 A.2d 54 (1988). In Kowal v. Hofher,181 Conn. 355, 360-61, 436 A.2d 1 (1980), the court created an exception to this rule by stating that where the vendor or CT Page 2016 social host has acted recklessly or wantonly, policy considerations warranted imposing liability. "Wanton misconduct is reckless misconduct. Menzie v. Kalmonowitz,107 Conn. 197, 199, 139 A. 698 (1928). `It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action.' Bordonaro v. Senk, 109 Conn. 428, 431, 147 A. 136 (1929)." Markey v. Santangelo, 195 Conn. 76, 78, 485 A.2d 1305 (1985); see also Dubay v. Irish, 207 Conn. 518, 532-33, 542 A.2d 711 (1988). It is conduct that "tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent. . . ." Dubay v. Irish, supra, 533. "The mere use of the words `reckless' and `wanton' is insufficient to raise an actionable claim of reckless and wanton misconduct." Sheiman v. Lafayette Bank Trust Co., 4 Conn. app. 39, 46, 492, A.2d 219 (1985).
In the present case, the plaintiffs allege in count two, that:
 13. The defendants, Mary Reed and Jack C. Nelson, or their servants, agents or employees were wanton and reckless in that they served alcoholic liquor to an obviously intoxicated individual, James M. Lowery, Jr., and continued to serve alcoholic liquor to the defendant, James M. Lowery, Jr., although they knew or should have known said defendant, James M. Lowery, Jr., in his aggressive state, would cause damage or injury to others.
A similar count was held to be sufficient in Coble v. Maloney, 2 Conn. L. Rptr. 751 (1990, McWeeny, J.), where the following was alleged:
 The collision and the plaintiff's injuries and losses were the result of the willful, wanton and reckless conduct of the defendants, or their servants, agents or employees, in that they served alcoholic liquor to an obviously intoxicated individual, the defendant Brian P. Maloney, when they knew, or should have known that the said defendant would be driving a motor vehicle when he left The Pub Cafe and would be likely to cause injury to others.
CT Page 2017
The court in Coble held that the plaintiff had alleged sufficient facts to constitute a claim for willful, wanton and reckless conduct by alleging that the defendants served liquor to an obviously intoxicated individual. Id., 752. The allegation of service of liquor to an obviously intoxicated individual is likewise present in the instant action.
The court in Coble distinguished Stebbins v. Stasche, 3 CSCR 421 (March 21, 1988, Reynolds, J.), where the following allegations of misconduct were held insufficient to support an action for wanton or willful conduct.
 (1) continuing to serve alcoholic beverages to plaintiff when they knew or should have known she was likely to operate a motor vehicle on her departure from the premises;
 (2) permitting plaintiff to leave the premises in an intoxicated condition when they knew or should have known that she would be operating her automobile on a dangerous road; and
 (3) permitting plaintiff to leave the premises in disregard of public policy expressed in General Statutes Section 14-227a.
According to the court in Coble since there was no allegation that the defendants served alcohol to an obviously intoxicated individual, the Stebbins court granted the defendant's motion to strike plaintiff's claim of wanton and willful misconduct. Coble, supra, 752. The Coble court noted that the allegations before it were closer to those in Kirchmeier v. Foshay, 4 CSCR 337 (March 17, 1989, Pickett, J.), where the court found that the following facts alleged by the plaintiff supported a claim for wanton or reckless conduct:
 1. The defendants, or their agents, sold, gave and delivered numerous alcoholic beverages to the plaintiff's decedent;
 2. The defendants allowed the plaintiff's decedent to consume those drinks and become intoxicated:
3. The defendants or their agents, allowed CT Page 2018 the plaintiff's decedent to walk out of the establishment even though he was so affected that he was disoriented and unable to walk properly, and;
 4. The defendants knew or should have known that the plaintiff's decedent would be walking on a public highway.
In Castillo v. Brito, 5 CTLR 201, 204 (December 2, 1991, Hennessey, J.), the court, relying on Coble and Kirchmeier, held that the following allegations were sufficient to support a claim of recklessness:
 Defendants, their agents, servants and/or employees continued to supply and/or sell intoxicating liquors to said unidentified patron who was already visibly intoxicated, loud, boisterous, argumentative and or prone to violent proclivities.
Based on the foregoing, the plaintiffs have pleaded facts sufficient to support a cause of action for reckless and wanton conduct.
The court need not consider defendants' additional claim that the intentional murder of the plaintiff's decedent by the defendant Lowery was not something reasonably foreseeable under Kowal v. Hofher, supra. As stated above, the plaintiffs have pleaded sufficient facts under Kowal v. Hofher to support a claim for reckless and wanton conduct. Whether or not legal cause exists is an issue that is beyond the scope of a motion to strike.
COUNTS FOUR AND FIVE — EMOTIONAL DISTRESS
Counts four and five claim emotional distress damages against all of the defendants on behalf of the decedent's mother and siblings.
The Connecticut Supreme Court has definitively ruled that "[e]ven where a plaintiff has suffered physical injury. . .there can be no recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another." Strazza v. McKittrick, 146 Conn. 714, 719156 A.2d 149 (1959). The rule set fourth in Strazza has continued to be the law in Connecticut, despite a trend among other jurisdictions, beginning with the case of Dillon v. Legg,68 Cal.2d 728, 441 P.2d 912 (1968), to recognize a cause of action for emotional distress in favor of the bystander. See CT Page 2019 Amodio v. Cunningham, 182 Conn. 80, 87, 438 A.2d 6 (1980).
In Amodio, which involved a medical malpractice action, the court stated that:
 It is clear. . .that even were we inclined to adopt the approach taken in Dillon and the cases relying thereon, the complaint in the present case would nonetheless fail to state a cognizable cause of action because the allegations of the complaint indicate that the injuries suffered by the plaintiff's child became manifest a considerable period of time after the alleged negligence of the defendants occurred.
(Emphasis added). Id., 92-93.
Amodio did not overrule Strazza or recognize a cause of action based on bystander emotional distress.
In Maloney v. Conroy, 208 Conn. 392, 397,545 A.2d 1059 (1988), also involving medical malpractice, the court stated "we are not inclined to follow the lead of the California courts in allowing a bystander to recover for emotional disturbance resulting from malpractice upon another person that a bystander may have observed." Id., 397. The Maloney case further stated:
 We are not inclined to resume our dalliance with the Dillon guidelines that we held not to be satisfied when we disposed of the malpractice emotional disturbance claim in Amodio. . . . Whatever may be the situation in other contexts where bystander emotional disturbance claims arise, we are convinced that, with respect to such claims arising from malpractice on another person, we should return to the position we articulated in Strazza . . . .
Id., 402.
Based on the holdings of Strazza, Amodio and Maloney, there can be no recovery for emotional distress suffered by a bystander under certain circumstances. In this case there is no allegation that the plaintiffs claiming emotional distress were present at the scene of the injury producing event at the time it occurred. Thus one of the required elements set fourth in Dillon, supra is lacking. See CT Page 2020 also Silva v. Carlson, 5 CTLR 433 (February 3, 1992, Mihalakos, J.); (February 3, 1992, Mihalakos, J.); v. Carlson,5 CTLR 433 Messina v. Vellafonck, 5 CTLR 329 (January 6, 1992, Gray, J.); Carter v. Shaw, 5 CTLR 248 (December 16, 1991, Fracasse, J.); But see Stoughton v. Sabolcik, 5 CTLR 502
(February 17, 1992, Pickett, J.); LeMoine v. Soboleski,2 Conn. L. Rptr. 569 (1990, O'keefe, J.); Buynovsky v. Ford Motor Company, et al., 1 Conn. L. Rptr. 542 (1990, Miaocco, J.) (holding that a claim for bystander emotional distress is permissible, assuming its elements are properly alleged.)
Further, even assuming the existence of a bystander emotional distress cause of action, the plaintiffs have not pleaded sufficient facts to support such a count in this case.
In Thing v. LaChusa, 48 Cal.3d 644, 771 P.2d 814,829-30, 257 Cal.Rptr. 865 (1989), which modified the test set fourth in Dillon v. Legg, supra, the California Supreme Court stated that the elements of a bystander emotional distress claim are:
 (1) The plaintiff must be closely related to the injury victim; (2) the plaintiff must be present at the scene of the injury-producing event at the time it occurs and be aware that it is causing injury to the victim; and (3) as a result the plaintiff suffers serious emotional distress, a reaction beyond that which would be anticipated in a disinterested witness and which is not a normal response to the circumstances.
There is not allegation in the plaintiffs' complaint which would satisfy the second element of the Thing test. Therefore the court hereby grants the defendants' motion to strike counts four and five of the plaintiffs' complaint.
CONCLUSION
The court denies the motion to strike count two of the plaintiffs' complaint and grants the motion to strike counts four and five of the plaintiffs' complaint.
HURLEY, JUDGE