[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION Re: MOTION TO STRIKE
In their motion, the defendants, The Town of New Milford, Frank Rybak, building inspector for the town of New Milford, and Thomas Hackett, assistant building inspector for the town of New Milford, move to strike counts 6, 7 and 8 as legally insufficient.
The action arises out of the plaintiffs' contract with another defendant to construct a house in the town of New Milford. The plaintiffs allege that the house was negligently and defectively constructed resulting in injuries and losses. In count six, the plaintiffs allege that the defendant Rybak negligently issued a certificate of occupancy and completion and a building permit, negligently failed to issue a "cease and desist" building order and negligently allowed building and/or framing to begin on a foundation not constructed in accordance with the state building code. Count seven alleges that under General Statutes CT Page 17363 § 7-465 the town of New Milford should be liable for the indemnification for the negligent conduct of defendant Rybak. In count eight the plaintiffs allege that the defendant Hackett wilfully and wantomy issued a certificate of completion and failed to issue a cease and desist order.
A motion to strike challenges the legal sufficiency of a pleading. Practice Book § 10-39. "Like the demurrer it admits all facts well pleaded." (Emphasis in original.) Mingachos v. CBS, Inc., 196 Conn. 91,108 (1985). Further, the facts as pleaded in the complaint must be construed most favorably towards the plaintiff. Gordon v. BridgeportHousing Authority, 208 Conn. 161, 170 (1988). Accordingly, if the facts provable under the allegations support a cause of action, the motion must fail.
The court is limited "to a consideration of the facts alleged in the complaint. A `speaking' motion to strike (one imparting facts outside the pleadings) will not be granted." Doe v. Marselle, 38 Conn. App. 360, 364
(1995), rev'd. on other grounds, 236 Conn. 845 (1996); see also Cavallov. Derby Savings Bank, 188 Conn. 281, 285-86 (1982). "Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the plaintiffs pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied." LilijedahlBros., Inc. v. Grigsby, 215 Conn. 345, 348 (1990).
"Notwithstanding the procedural posture of a motion to strike, this court has approved the practice of deciding the issue of governmental immunity as a matter of law." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170 (1988). "[When] it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff, the defendant [is] not required to plead governmental immunity as a special defense and [can] attack the legal sufficiency of the complaint through a motion to strike." Brown v. Branford, 12 Conn. App. 106, 111, n. 3 (1987); See Trzaska v. Hartford, 12 Conn. Sup. 301, 302 (1943).
As to count six, the defendants argue that General Statutes § 52-557n
(b)(7) and (8) apply to invoke governmental immunity. They claim that the alleged acts are discretionary/governmental functions. In subsection (a) of § 52-557n, the provision sets forth circumstances where governmental immunity applies to bar actions and where it does not apply. General Statutes § 52-557n(a) provides that,
 (1) Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent CT Page 17364 acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties; (B) negligence in the performance of functions from which the' political subdivision derives a special corporate profit or pecuniary benefit. . . . (2) Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by: (A) Acts or omissions of any employee, officer or agent which constitute criminal conduct, fraud, actual malice or wilful misconduct; or (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law.
General Statutes § 52-557n(a).
In the two provisions relied upon by the defendants here, the statute provides that the municipal employee acting in scope of his employment shall not be liable for damages to a person or property resulting from:
 (7) the issuance, denial, suspension or revocation of, or failure or refusal to issue, deny, suspend or revoke any permit, license, certificate, approval, order or similar authorization, when such authority is a discretionary function by law, unless such issuance, denial, suspension or revocation or such failure or refusal constitutes a reckless disregard for health or safety; (8) failure to make an inspection of any property, other than the property owned or leased by or leased to such political subdivision, to determine whether the property complies with or violates any law or contains a hazard to health or safety, unless the political subdivision had notice of such a violation of law or such a hazard or unless such failure to inspect or such inadequate or negligent inspection constitutes a reckless disregard for health or safety under all the relevant circumstances;
General Statutes § 52-557n(b)(7) and (8).
The plaintiffs do not dispute the fact that the defendant Rybak owed a public duty not a private duty. See Roman v. Stamford, 16 Conn. App. 213,220 (1988), aff'd. 211 Conn. 396 (1989). Further, in light of the law of CT Page 17365Evon v. Andrews, 211 Conn. 501, 505 (1989), the acts alleged were discretionary not ministerial. The plaintiffs do contend, however, that while the defendant Rybak's duties were of a public nature and were discretionary, rather than ministerial, the identifiable person/imminent harm exception to governmental immunity applies to impose liability.
The most recent Supreme Court decision on the exception to the qualified immunity of a municipal employee for discretionary acts isPurzycki v. Fairfield, 244 Conn. 101, 106-11 (1988). The court used its earlier decision of Burns v. Board of Education, 228 Conn. 640, 650
(1994), to determine that the exception did apply:
 In Burns, it was critical to our conclusion that governmental immunity was not a defense that "the danger was limited to the duration of the. temporary . . . condition . . . [and that] the potential for harm . . . was significant and foreseeable." Burns v. Board of Education, supra, 229 Conn. 650. Similarly, the present case involves a limited time period and limited geographical area, namely, the one-half hour interval when second grade students were dismissed from the lunchroom to traverse an unsupervised hallway on their way to recess. Also, it involves a temporary condition, in that the principal testified that every other aspect of the lunch period involved supervision. Finally, the risk of harm was significant and foreseeable, as shown by the principal's testimony "that if elementary schoolchildren are not supervised, they tend to run and engage in horesplay that often results in injuries." Purzycki v. Fairfield, supra, 44 Conn. App. 367 (Heiman, J., dissenting). Thus, we follow Burns and, under the facts of the present case, conclude that there was sufficient evidence from which the jury reasonably could have found a foreseeably dangerous condition that was limited in duration and geographical scope.
Purzycki v. Fairfield, supra, 110.
While the facts in Purzycki were more analogous to the facts of Burns, the facts alleged here are more analogous to those in Evon v. Andrews,211 Conn. 501 (1989), where the Supreme Court affirmed the trial court's decision to strike the count alleging that city officials, including the fire marshal, were negligent in failing to inspect and enforce various statutes, regulations and codes concerning the maintenance of rental dwellings. The case arose from a fatal apartment fire. In reaching its CT Page 17366 holding the court reasoned that,
 [t]he risk of fire implicates a wide range of factors that can occur, if at all, at some unspecified time in the future. The class of possible victims of an unspecified fire that may occur at some unspecified time in the future is by no means a group of "identifiable persons" within the meaning of Shore v. Stonington, [187 Conn. 147 (1982)]. Furthermore, the plaintiffs' decedents were not subject to "imminent harm." This is clearly not the situation in which a police officer stood by and watched a public brawl that resulted in a person being shot. See Sestito v. Groton, [178 Conn. 520 (1979)]. The present allegations do not even rise to the level of the imminence we rejected in Shore v. Stonington, in which a police officer permitted a drunk driver to continue on his way, resulting in the death of the plaintiffs decedent. In the present instance, the fire could have occurred at any future time or not at all. We cannot accept the proposition that the plaintiffs' decedents in this case were readily identifiable victims subject to imminent harm. As we observed in Shore v. Stonington, supra, 157, "[t]he adoption of a rule of liability where some kind of harm may happen to someone would cramp the exercise of official discretion beyond the limits desirable in our society."
Id., 508.
Similarly, the facts alleged here do not support a claim of imminent harm where the risk is foreseeable and significant. Further, the possible victims of a future unspecified harmful event would not fall within a narrowly defined class of foreseeable victims. See MountaindaleCondominium Association, Inc. v. Zappone, Superior Court, judicial district of Litchfield, doc. no. 67279 (June 6, 1996, Walsh, J.). Accordingly, because the defendant Ryback's acts are discretionary and fall within General Statutes § 52-557n(b)(7) and (8), he is immune from liability, and count six is stricken.
Because the court has stricken count six, it must strike count seven, which is brought pursuant to General Statutes § 7-465. "A plaintiff bringing suit under General Statutes § 7-465 first must allege in a separate court and prove the employee's duty to the individual injured and the breach thereof. Only then may the plaintiff go on to allege and CT Page 17367 prove the town's liability by indemnification." (Emphasis in original; internal citations omitted.) Wu v. Fairfield, 204 Conn. 435, 438 (1987). Because the defendant Ryback is immune from liability, the plaintiffs naturally cannot prove the town's liability by indemnification of the defendant Rybak's acts. Count seven is accordingly stricken.
Finally, the defendants move to strike count eight which alleges that the defendant Hackett was wilful and wanton in causing the plaintiffs injuries. The defendants argue that the facts alleged are insufficient to state a claim for wanton and wilful conduct.
 Wilful or intentional misconduct and wanton misconduct are different concepts of wrongful or improper misconduct. To constitute wilful injury there must be design, purpose, and intent to do wrong and inflict the injury; while to constitute wanton negligence, the party doing the act or failing to act must be conscious of his conduct, and, though having no intent to injure, must be conscious, from his knowledge of surrounding circumstances and existing conditions, that his conduct will naturally or probably result in injury. In Menzie v. Kalmonowitz, 107 Conn. 197, 199, 139 A. 698, we defined wanton misconduct as "reckless misconduct, which is the equivalent of wilful misconduct." In Bordonaro v. Senk. [109 Conn. 428, 431], we made it clear that by this language we do not intend to characterize these terms as equivalents of each other, but as equivalents in result.
Rogers v. Doody, 119 Conn. 532, 535-36 (1935).
Wanton misconduct is reckless misconduct. In order for the plaintiffs to properly allege wanton misconduct the facts must show, "highiy unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." Elliott v.Waterbury, 245 Conn. 385, 415 (1998). The allegations here do not support an action in wilful and wanton misconduct. There are no facts even to infer intentional or wilful conduct by the defendant Hackett. As to wanton conduct, the allegations are to the issuances and subsequent inspections do not support such a claim. The factual allegations of count eight, fairly read, sound in negligence. "Although the motion to strike admits all facts well pleaded, it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Emerick v. Kuhn,52 Conn. App. 724, 739, cert. denied, 249 Conn. 929 (1999). The insertion of the phrase "wilful wanton and/or malicious" is not sufficient to set forth such a claim here. Accordingly, count eight is stricken. CT Page 17368
The motion is granted in its entirety.
DiPentima, J.