463 A.2d 1

**Carol R. CONWAY, Appellant,**

v.

**William T. CONWAY.**

Superior Court of Pennsylvania.

Argued March 29, 1983.

Filed July 15, 1983.

Eileen D. Yacknin, Pittsburgh, for appellant.

William T. Conway, in propria persona.

Before CAVANAUGH, BROSKY and MONTGOMERY, JJ.

BROSKY, Judge:

This appeal follows an order awarding custody of three children, Dirtina, Sean and Brian Conway to William T.

Conway, the appellee. Appellant is the mother of the children.

The orders from which this appeal was taken were issued by the Court of Common Pleas of Allegheny County in 1981. Custody proceedings had been initiated in Somerset County in 1978 and the Common Pleas Court of that County awarded custody of the children to Mr. Conway. The case was transferred to Allegheny County in 1979 and Mrs. Conway filed complaints seeking custody of the children in that court in March, 1980.[1] The Allegheny County Court treated the complaints as petitions to modify the Somerset County custody award, and denied them. The lower court rejected the claim, repeated in appellant's brief before us, that circumstances had changed substantially since the Somerset County award of custody to Mr. Conway. Mrs. Conway argued that because she had obtained employment and a suitable residence in the period following entry of that order, that custody should be transferred to her.

As to Dirtina, Mrs. Conway argued unsuccessfully that Mr. Conway is not her natural parent, but only a stepparent who should not be treated as a natural parent in a custody dispute.

In the original brief she filed with this court, Mrs. Conway advances both the changed circumstances and paternity arguments. We will not, however, reach the merits of these issues because we believe that this case should be remanded for further evidentiary hearings.

After submitting her brief, Mrs. Conway submitted to this court in March, 1983 an additional brief in which she requests that we consider evidence of changed circumstances since entry of the 1981 orders. Specifically, Mrs. Conway points to what appears to be evidence that Mr. Conway, contrary to a lower court order of December 6, 1982, has absconded from the jurisdiction, with the children.

1. Two complaints were filed. One sought custody of Dirtina, the other of the boys.

Apparently, Dirtina is now residing with Mrs. Conway, but appellant claims that she has neither seen nor heard from her sons since December, 1982.

We are not, of course, in a position to determine the accuracy of appellant's claims. However, after considering her supplementary brief and oral argument (appellee did not appear at argument or file a response to the supplementary brief, which was labeled "Application for the Submission and Consideration of Newly-Existing Evidence"), we believe that it would be unwise for us to proceed further on the merits of her appeal.

Appellant asks us to remand this case to the lower court for evidentiary hearings on the allegations she makes. She proposes that we retain jurisdiction and that the transcript of the evidentiary hearings be made part of the record before us. While we agree that the case should be remanded, we decline to retain jurisdiction.

The facts alleged by appellant, if proven, amount to changes in circumstances that ought to be considered in the first instance by the trial court.

Our review, while broad, is limited to determining whether the lower court erred in making the decision it did. If in fact the circumstances have changed, as appellant claims, we do not know what the lower court will now believe to be the correct custody arrangement. We will not review a decision made by that court, prior to and obviously without benefit of, the evidence that appellant seeks to introduce into the record.

Therefore, we remand this case to the Court of Common Pleas of Allegheny County to which court appellant can present her evidence of changed circumstances. If the court finds the circumstances warrant a change in the custody order, that court will enter such an order.

Jurisdiction is not retained by this court.