## FRANK E. BOWRYS ET AL. *v.* ROBERT J. SANTANELLA

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE NO. 269947
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed November 23, 1983

*Armand A. Korzenik,* for the named plaintiff et al.

*Pomeranz, Drayton & Stabnick,* for the intervening plaintiff town of Enfield.

*Tomaro & Spagnoli,* for the defendant.

BIELUCH, J. The defendant in the present action seeks to have the plaintiffs' substitute complaint stricken in its entirety because it fails to state a claim upon which relief can be granted. Both named parties are members of the Enfield police department. On March 8, 1980, while on duty, the named plaintiff, Frank E. Bowrys, in attempting to stop a motor vehicle, was dragged by the motor vehicle and fell to the ground. He was then hit by a police cruiser which was in pursuit of the motor vehicle. The defendant was the driver of the police cruiser. The defendant specifically objects to the substitute complaint because it fails to allege that the defendant's action was "wilful and wanton," as provided in General Statutes § 7-465; because it fails to allege that proper notice was given as provided in § 7-465 (a); and because the named plaintiff is barred from recovery by the statute of limitations.

Section 7-465, which governs a municipality's assumption of liability for damages caused by its employees, provides in part: "If an employee . . . has

a right to benefits or compensation under chapter 568 [Workers' Compensation Act] by reason of injury . . . caused by the negligence or wrong of a fellow employee while both employees are engaged in the scope of their employment for such municipality, such employee . . . shall have *no* cause of action against such fellow employee to recover damages for such injury . . . unless such wrong was wilful *and* malicious." (Emphasis added.) The first count of the substitute complaint alleges in paragraph 4 that "[s]aid occurrence was caused by the recklessness of the defendant." In paragraph 5 it alleges further that "[s]aid recklessness was of such a nature as to constitute wilful, wanton or malicious misconduct." It is the defendant's contention that because the substitute complaint does not allege "wilful and malicious" misconduct, the exact conjunctive language used in § 7-465, the allegation fails to state a proper cause of action and therefore must be stricken. The court finds that the disjunctive language used in the substitute complaint is sufficient to state a claim under § 7-465.

Alleging that one acted "recklessly" means that the conduct was wilful. *Kowal* v. *Hofher,* 181 Conn. 355, 361–62, 436 A.2d 1 (1980). The reason the words are treated the same is that "the conduct in both cases is outrageous, and the difference between the two in a conceptual sense is microscopic." Id. " 'Wilful misconduct is intentional misconduct, and wanton misconduct is reckless misconduct, which is the equivalent of wilful misconduct.' " Id., 362; *Menzie* v. *Kalmonowitz,* 107 Conn. 197, 199, 139 A. 698 (1928). Therefore, by alleging that the defendant's conduct was reckless so "as to constitute wilful, wanton or malicious misconduct," the complaint is alleging "wilful and malicious" conduct as required by § 7-465.

Furthermore, "[t]o effectuate the intention of the legislature . . . 'and' may be construed to mean 'or.' "

*Bania* v. *New Hartford,* 138 Conn. 172, 176, 83 A.2d 165 (1951). "The 'reason and purpose of the legislation . . . may well be more significant than technical definitions in determining the meaning of the particular words employed.' " Id., 177. Specifically, the words "wilful and malicious" have been held to have the same meaning as "wilful or malicious." In *Edmundson* v. *Rivera,* 169 Conn. 630, 363 A.2d 1031 (1975), the court addressed a municipal employee's ability to recover damages against a fellow employee. The argument centered around the provisions of § 7-465 and those of § 31-293a, the law dealing with nonmunicipal employee's rights against fellow employees. In *Edmundson* the court noted (p. 634) that "[m]unicipal employees are covered under the provisions of the Workmen's Compensation Act . . . and § 31-293a, prior to 1969, granted immunity from suit by a fellow employee unless the acts causing the injury were wilful or malicious. The same exception was contained in § 7-465 pertaining specifically to municipal employees." The court concluded by ruling (p. 636) that "a municipal employee . . . has no cause of action against a fellow municipal employee to recover damages for an injury caused by the act of such fellow employee while both are engaged within the scope of their employment . . . unless the act causing such injury was wilful *or* malicious." (Emphasis added.)

What *Bania* and *Edmundson* hold is that the language of § 7-465, which limits a municipal employee's right of recovery against fellow municipal employees, is analogous to the language used in § 31-293a, which limits the same right of nonmunicipal employees. "Wilful *and* malicious" is to be construed as "wilful *or* malicious" when the purpose is to effectuate the legislative intent of the Workers' Compensation Act, in this particular instance, to limit suits by one employee against his fellow employees.

The defendant also claims that the substitute complaint should be stricken because it fails to allege that written notice of the intention to sue was filed with the clerk of the municipality as provided by § 7-465. Section 7-465 (a) provides in part: "No action for personal physical injuries . . . shall be maintained against such *municipality and employee jointly* unless . . . written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk of such municipality." (Emphasis added.) This section requires no notice when the action, as in the present case, is being brought only against the employee. "[A]n injured party may maintain a common-law action against a municipal employee covered by the statute, thereby avoiding those requirements which are unique to recovery under the indemnification statute [§ 7-465]." *Fraser* v. *Henninger,* 173 Conn. 52, 56, 376 A.2d 406 (1977); *Wakelee* v. *DeSanto,* 152 Conn. 44, 46, 202 A.2d 833 (1964). The word "jointly" was specifically added to the statute "to eliminate any inference that notice need be given to a municipality in an action brought only against an employee." *Fraser* v. *Henninger,* supra, 57. Since no notice is required, the substitute complaint is sufficient with respect to this objection of the defendant.

Finally, it is improper for the defendant to raise the statute of limitations in a motion to strike. Practice Book § 164. Ordinarily, the statute of limitations must be raised by special defense. *Morrisette* v. *Archambault,* 31 Conn. Sup. 302, 303, 329 A.2d 622 (1974).

Accordingly, the motion to strike the substitute complaint is denied.