[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
Factual Background
On February 27, 1990, the plaintiffs, Christopher and Cheryl McAuliffe, served a seven-count complaint on the defendants, Burill Construction, Inc. and Donald Burill, seeking to recover damages they sustained as the result of the defendants' alleged fraud, breach of implied warranty, negligence and nuisance, in connection with the construction of a house built by Burill Construction. The plaintiffs subsequently amended their complaint on May 16, 1990.
The plaintiffs' first five counts are against Burill Construction and allege the following facts. On February 25, CT Page 1032 1982, the plaintiffs bought a home on Massow Lane in Windsor, Connecticut from Burill Construction. At the time of the purchase, Donald Burill was the sole or major shareholder of Burill Construction.
Burill Construction built the house in question on land that was formerly part of a subsurface rubbish farm and garbage dump which was composed of soft, shifting and unstable soils. The plaintiffs discovered this condition in April of 1989. There were, it is alleged, serious structural problems in the foundation of the house, including large cracks in the foundation. The plaintiffs claim that Burill Construction was negligent in building the house on the lot "with unsatisfactory subsurface conditions, in violation of the Basic Building code of Connecticut."
The second count further alleges that the action of Burill Construction constituted "serious noisome and negligent nuisance and has created an inherently dangerous condition." The third count alleges that Burill Construction breached General Statutes 47-116 et seq. and that Burill Construction breached its implied warranty of habitability implicit in the contract of sale. The fourth count alleges that Burill Construction fraudulently misrepresented to the plaintiffs that the house was built in accordance with the Basic Building Code of Connecticut. The fifth count alleges that Burill Construction's actions constituted a breach of General Statutes42-110a et seq., CUTPA.
The sixth and seventh counts of the plaintiffs' complaint are against Donald Burill and incorporate the facts contained in the first count. The sixth count further alleges that Donald Burill supervised the construction of the property and was negligent in causing the foundation to be placed on a lot with unsatisfactory subsurface conditions. The seventh count alleges that Donald Burill fraudulently misrepresented to the plaintiffs that the home was built in accordance with the Basic Building Code of Connecticut.
Pursuant to Practice Book 152, the defendants Burill Construction and Donald Burill jointly filed a motion to strike the plaintiffs' complaint on the grounds set forth in their accompanying memorandum. The plaintiffs filed a memorandum of law in opposition to the defendants' motion to strike. In their memorandum, the plaintiffs agreed to withdraw count five, the CUTPA count.
Law and Conclusions
"A motion to strike admits all facts well pleaded." CT Page 1033 Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). If the facts provable under the pleading's allegations "would support a defense or cause of action, the motion to strike must fail." Id. at 108-09. In deciding a motion to strike, the trial court should consider only those grounds specified by the defendant. Blancato v. Feldspar Corp., 203 Conn. 34, 44 (1987).
Burill Construction is moving to strike the first and third counts of the plaintiffs' complaint on the ground that the statute of limitations has expired as to those counts. The statute of limitations must be specially pleaded. Practice Book 164. Moreover, "It is improper for the defendant to raise the statute of limitations in a motion to strike." Bowrys v. Santanella, 39 Conn. Sup. 102, 106 (Super.Ct. 1983) except where the parties agree that the complaint contains all the pertinent facts. Vilcinskas v. Sears Roebuck Co., 144 Conn. 170
(1936). (See claim of fraudulent concealment below).
Burill Construction has moved to strike the first and third count of the plaintiff's complaint on improper grounds. Accordingly, inasmuch as no such factual agreement exists in this case, Burill Construction's motion to strike the first and third count is denied on that ground.
In addition it is noted that General Statutes 52-595
provides as follows:
 Fraudulent concealment of cause of action. If any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence.
 Proof of fraudulent concealment therefore suspends the running of the statute of limitations. State of Connecticut ex rel McClure, Executor v. Northrop et al, 93 Conn. 558 (1919).
 The plaintiff must surely be given the opportunity to reply to the statute of limitations defense which will obviously be interposed by the defendants pursuant to Practice Book 164. Rosenblatt v. Berman, 143 Conn. 31, 40 (1955).
 For this additional reason the defendant's motion to strike counts one and three are denied.
Burill Construction maintains in its supporting CT Page 1034 memorandum of law that the second count of the plaintiffs' complaint "fails to state a cause of action under any recognizable theory of law since the doctrine of nuisance, as recognized in Connecticut, is limited to the maintenance of a dangerous or noxious condition on one's own land."
 [I]n order to prevail on a claim of nuisance, a plaintiff must prove that: "(1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was a proximate cause of plaintiff's injuries and damages."
State v. Tippets-Abett-McCarthy-Stratton, 204 Conn. 177, 183
(1987), quoting Filisko v. Bridgeport Hydraulic Co., 176 Conn. 33,35-36 (1978). "[Connecticut] case law has established no bright-line test to determine when a defendant's connection to a particular parcel of property suffices to make it an unreasonable or unlawful `user' of that property." Tippet204 Conn. at 183.
A critical factor determinative of whether a defendant is a "user" of the property sufficient to subject him to liability for nuisance is "whether the defendant exercises control over the property that is the source of the nuisance." Id. 184. "[P]roperty ownership is not a prerequisite to nuisance liability." Id.
Because Burill Construction's ownership of the property is not a prerequisite to subject it to nuisance liability, Burill Construction has moved to strike the nuisance count on an improper ground. Accordingly, Burill Construction's motion to strike the second count of the plaintiffs' complaint is denied.
Burill Construction and Donald Burill are moving to strike the fourth and seventh counts of the plaintiff's complaint sounding in fraud on the ground that the facts alleged by the plaintiffs "even if taken in the light most favorable to them, would establish a claim of non-disclosure." The defendants then argue in their supporting memorandum of law that "mere non-disclosure" does not amount to fraud.
The plaintiffs allege in counts four and seven of their complaint that the defendants Burill Construction and Donald Burill, "represent at all times to the plaintiffs that the home was properly designed and constructed with adequate materials for its intended use, and was built in accordance with the CT Page 1035 Basic Building Code of Connecticut."
The essential elements of an action in fraud are: "(1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter did so act on it to his injury." Miller v. Appelby, 183 Conn. 51, 54-5 (1981).
"To constitute fraud on . . . [the] ground [of nondisclosure], there must be a failure to disclose known facts and, in addition thereto, a request or occasion or a circumstance which imposes a duty to speak." Duksa v. Middletown, 173 Conn. 124, 127 (1977), quoting Egan v. Hudson Nut Products, 142 Conn. 344, 347, (1955).
The facts alleged in the fourth and seventh counts of the plaintiffs' complaint would, if proven, support a claim of fraudulent misrepresentation. Further, contrary to the defendants' assertion, nondisclosure can, in some circumstances, amount to fraud. Moreover, the facts alleged by the plaintiff, if proven, would establish more than "mere nondisclosure." Accordingly, the defendants' motion to strike the fourth and seventh counts of the plaintiffs' complaint is denied.
Lastly, the defendant, Donald Burill is moving on two grounds to strike the sixth count of the plaintiffs' complaint sounding in negligence. The first ground is that the plaintiffs have failed to allege facts supporting their allegation that Donald Burill owed the plaintiffs a duty to care. The second ground is that the statute of limitations has expired with respect to the negligence claim.
 "It is true that the agent is not liable where, acting within the scope of his authority, he contracts with a third party for a known principal. [Citations omitted.] It is also true that an officer of a corporation does not incur personal liability for its torts merely because of his official position. Where, however, an agent or officer commits or participates in the commission of a tort, whether or not he acts on behalf of his principal or corporation, he is liable to third persons injured thereby.
Scribner v. O'Brien, Inc., 169 Conn. 389, 404 (1975).
The plaintiffs allege in count six of their complaint that Donald Burill was present on the property during most of the construction and that he supervised the construction. The CT Page 1036 plaintiffs further allege that Donald Burill acted negligently in causing the foundation to be placed on a lot with unsatisfactory subsurface conditions. Therefore, the plaintiffs have alleged facts in count six of their complaint that, if true, would support a claim of negligence against Donald Burill.
Furthermore, for the reasons previously stated regarding the first and third counts, the defendant has improperly raised the statute of limitations issue in his motion to strike count six. Accordingly, Donald Burill's motion to strike count six of the plaintiff's complaint is denied.
In summary, the motions to strike counts one, two, three, four, six, and seven are denied. Count five is withdrawn by stipulation of the plaintiff.
FREED, J.