[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
Factual Background CT Page 2647
This case arises out of a salmonella outbreak at the Mountain View Nursing Home in Windsor that allegedly resulted in the death of the plaintiff's sister. Additionally, the plaintiff allegedly contracted salmonellosis. On March 9, 1989, the plaintiff Josephine M. Durkin filed a seven count amended complaint against the defendants, First Healthcare Corporation, a licensed nursing home doing business as Mountain View Healthcare; the Hill Haven Corporation, doing business as Mountain View Healthcare (hereinafter Mountain View), its subsidiary; Kenneth Kehnle, the administrator of Mountain View; Beverly Plassure, R.N., Director of Nursing at Mountain View; and Theo Poirer, the physician treating plaintiff's decedent, her sister.
The plaintiff brings counts one, two, six and seven as administratrix of her sister's estate and counts three through five on her own behalf for her alleged injuries. The first count alleges negligence on the part of the various defendants resulting in the death of the plaintiff's decedent and is not addressed by this motion to strike. The second count alleges a civil conspiracy between the defendants resulting in the death of the plaintiff's decedent. The third count alleges negligence on the part of the various defendants resulting in injuries to the plaintiff. The fourth count alleges a civil conspiracy between the defendants resulting in injuries to the plaintiff. The fifth count alleges negligent and/or intentional misrepresentation by the defendants resulting in injuries to the plaintiff. The sixth count alleges various violations of General Statutes 19a-550 ("Patient's Bill of Rights") resulting in the death of the plaintiff's decedent. The seventh count alleges various willful and/or reckless violations of General Statutes 19a-550 resulting in the death of the plaintiff's decedent.
All defendants have joined in the subject motion to strike counts two, three, four, five, six and seven.
Law and Conclusions
Motion to Strike
 The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted, Practice Book 152 (citation omitted). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint (citation omitted). The court must construe the facts in the complaint most favorable to the plaintiff.
Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). CT Page 2648
Second Count (civil conspiracy as to decedent)
The defendants move to strike the second count of the plaintiff's amended complaint on two grounds: 1) that a "wrongful death action" is the exclusive remedy available to recover for the death of the plaintiff's decedent, and 2) the count does not allege the necessary elements of a civil conspiracy.
As to the first ground, it is noted that the plaintiff does not identify in her complaint the statutory authority for any of the counts seeking recovery for the death of the decedent. Practice Book 109A provides, "When any claim made in a complaint . . . grounded on a statute, the statute shall be specifically identified by its number." Nevertheless, "the requirement of Practice Book 109A is directory rather than mandatory." Rowe v. Godou, 12 Conn. App. 538,543 (1987), rev'd on other grounds, 209 Conn. 273, 275
(1988). "The rule does not expressly or implicitly invalidate a pleading for failure to comply." Id. at 544. The defendants have not objected to plaintiff's failure to comply with Practice Book 109A.
General Statutes 53-555 (the "wrongful death statute") (Rev'd to 1989) provides:
 Actions for injuries result in in death. In any action surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, such executor or administrator may recover from the party legally at fault for such injuries just damages together with the cost of reasonably necessary medical, hospital and nursing services, and including funeral expenses, provided no action shall be brought to recover such damages and disbursements but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of.
The wrongful death statute authorizes a cause of action which "is a continuance of that which the decedent could have asserted had she lived and to which death may be added as an element of damage." Gionfriddo v. Avis Rent A Car System, Inc., 192 Conn. 280,291 (1984) (citations omitted). At common law, damages from death were not recoverable. Foran v. Carangelo, 153 Conn. 356,359 (1966).
The damages alleged in the second count on the plaintiff's amended complaint are for the decedent's "illness, pain, suffering CT Page 2649 and death" (paragraph 14); "funeral and burial expenses" (paragraph 15); and "destruction of her ability to carry on and enjoy life's activities." (paragraph 16). Damages for death and any of its direct consequences survive only by virtue of the wrongful death statute General Statutes 53-555, and not by virtue of the survival statute, General Statutes 52-599. Id. at 360, n. 2. Similarly, damages suffered before the decedent's death, flowing from the same tort, must be sought through a wrongful death action and not in a separate suit under the survival statute. Ladd v. Douglas Trucking Co., 203 Conn. 187, 190-91 (1987). Further, an action brought pursuant to the wrongful death statute is not limited to any particular theory of recovery. See Sanderson v. Steve Snyder Enterprises, Inc., 196 Conn. 134, 137 (1985) (involving a wrongful death action asserting strict product liability, negligence, and breach of implied warranty); see also, Gionfriddo v. Avis Rent A Car System, Inc., supra, 281 (involving a wrongful death action asserting negligence and willful or wanton conduct, and seeking treble damages pursuant to General Statutes 14-295); see also Gionfriddo v. Gartenhaus Cafe, 15 Conn. App. 392, 394
(involving a wrongful death action asserting a violation of the dram shop act, public nuisance and wanton and reckless misconduct).
Consequently, although the second court does not specifically identify the wrongful death statute, this count should be deemed to have been brought under that statute since it seeks damages for death and the direct consequences thereof, in particular, funeral expenses. Further, civil conspiracy is the theory of recovery being advanced in the second count, just as negligence is the theory of recovery in the first count.
 [T]he requisites of a civil action for conspiracy are (1) a combination between two or more persons, (2) to do a criminal or unlawful act or a lawful act by a criminal or unlawful means, (3) an act done by one or more of the conspirators pursuant to the scheme and in furtherance of the object, (4) which results in damages to the plaintiff.
Governors Grove Condominium Assn., Inc. v. Hil Development Corp.,36 Conn. Sup. 144, 152 (1980), quoting Williams v. Maislen,116 Conn. 433, 437 (1933). The essential question is whether the plaintiff has alleged that the combination was to do an act which is criminal or unlawful, or a lawful act by criminal or unlawful means. Jones v. O'Connell, 189 Conn. 648, 662 (1983).
At paragraph 12, the plaintiff alleges that the defendants entered into a conspiracy "to keep the outbreak a secret and/or to absolve themselves from fault . . . ." At paragraph 13, the plaintiff alleges that in furtherance of this conspiracy, the defendants carried out one or more of seven specific actions, the CT Page 2650 first of which is "they failed to notify the Connecticut or Windsor Departments of Health as to the outbreak."
The motion to strike admits all facts well-pleaded and if facts proveable under the allegations would support a cause of action, the motion to strike must fail. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980). Therefore, if a motion to strike attacks an entire count, but any part of the plaintiff's claims therein are legally sufficient, the motion will fail. See Doyle v. A P Realty Corp., 36 Conn. Sup. 126,127 (1980).
Pursuant to Regulations of Conn. State Agencies 19-13-A2, a salmonella infection is a Category II reportable disease. Pursuant to Regulations 119-13-A3, physicians or professional attendants must report incidents of Category II reportable diseases to the local health authority in writing within 24 hours. Pursuant to Regulations 19-13-D81 (g), the administrator of a convalescent home must report outbreaks of salmonellosis to the state department of health by written report within 72 hours. (See relevant regulations attached as addendum 1).
Consequently, the plaintiff has alleged the necessary elements of a civil conspiracy in that she has alleged that the defendants conspired to do an arguably lawful act, keeping the outbreak a secret, by unlawful means, failing to notify health authorities in violation of state regulations. The defendants' motion to strike the second count is denied.
Third Count (negligence as to plaintiff)
The defendants move to strike the third count on the grounds that the plaintiff has not alleged that the defendants owed a duty to the plaintiff individually. Practice Book 110 provides: "it is unnecessary to allege any promise or duty which the law implies from the facts pleaded." Id. "A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." Coburn v. Lenox Homes, Inc., 186 Conn. 370, 375 (1982). The existence of a duty is a question of law and may be determined through a motion to strike. Gordon v. Bridgeport Housing Authority, supra, 171.
In paragraphs 11 and 12 of the third count, the plaintiff alleges that she visited her sister daily from November 4, 1986 to November 27, 1986, cleaning her sister and changing her sister's clothes. In paragraph 17, the plaintiff alleges among other actions, that the defendants failed to advise, educate or warn the plaintiff of the risk of infection from caring for her sister's hygienic CT Page 2651 needs and that they concealed the nature of her sister's illness from the plaintiff. In paragraphs 18 and 19, the plaintiff alleges that as a result of the defendants' aforesaid conduct, the plaintiff contracted salmonellosis and suffered various damages.
Construing the facts alleged in the complaint most favorably to the plaintiff, because a reasonable person would anticipate that failing to advise a daily visitor to a nursing home infected with salmonellosis of the risk of infection would result in the visitor contracting salmonellosis, the plaintiff has sufficiently pled facts establishing a legal relationship between the parties giving rise to a duty of care owed to the plaintiff individually. Accordingly, the motion to strike the third count is denied.
Fourth Count (civil conspiracy as to plaintiff)
The defendant moves to strike the fourth count on the grounds that it fails to allege the necessary elements of civil conspiracy and that it fails to allege that defendants owed a duty to plaintiff individually. The count contains the same allegations of conspiracy set forth in the second count and the same allegations of the relationship between the plaintiff and defendants set forth in the third count. For the reasons set forth in the foregoing analyses of the second and third counts, the defendants' motion to strike the fourth count is denied.
Fifth Count (misrepresentation as to plaintiff)
The defendants move to strike the fifth count on the ground that it fails to allege the necessary elements of fraudulent misrepresentation. The plaintiff alleges in count five at paragraph 14 that the defendants "negligently and/or intentionally misrepresented the true nature of the illness of plaintiff's sister, upon which misrepresentation plaintiff relied to her detriment, suffering the injuries and losses hereinafter set forth."
The elements of fraudulent misrepresentation are: that a false statement was made as to a statement of fact; that it was untrue or known by the defendants to be untrue; that it was made to induce the plaintiff to act; and that the plaintiff acted upon the false representation to her detriment. Miller v. Appleby,183 Conn. 51, 54 (1981); Kavarco v. T.J.E., Inc., 2 Conn. App. 294,295-6 (1984). A defendant may be liable even if the misrepresentation was "innocent", if he had the means of knowing, ought to have known, or had the duty of knowing the truth. See D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206,217 (1987).
The fifth count, however, does not contain an allegation that the false representation was made to induce the plaintiff to CT Page 2652 act, or that the defendants ought to have known the truth. Consequently, this count is legally insufficient and, therefore, the defendants' motion to strike is granted as to this count.
Sixth and Seventh Counts (Patient's Bill of Rights as to decedent)
The defendants move to strike the sixth and seventh counts on the ground that these counts, which were set forth for the first time in plaintiffs' amended complaint dated March 6, 1989, are barred by the two year statute of limitations found in General Statutes 62-555 (the wrongful death statute).
Practice Book 176(c) provides in pertinent part: "If no objection thereto [to a request for leave to amend] has been filed by any party within fifteen days from the date of the filing of said request, the amendment shall be deemed to have been filed by consent of the adverse party." The court's record reveals that the plaintiff filed a "request for permission to file amended complaint" along with the amended complaint on March 9, 1989, and that the defendants filed no objection thereto. Consequently, the court finds that the defendants are deemed to have consented to the amendment of the complaint.
Nevertheless, there is no statutory, practice book, or case law authority supporting the plaintiff's contention that the defendants are thereby deemed to have waived any challenge to the amended complaint. The defendants may raise any proper defense or claim of legal insufficiency. See Allen v. Endrukaitis, 35 Conn. Sup. 286
(1979), (where defendants moved to strike an amendment to a complaint on the ground that it was barred by statute of limitation.)
Ordinarily, it is improper to raise a statute of limitations in a motion to strike. Bowrys v. Santanella, 39 Conn. Sup. 102,106 (1983). An exception to this rule is "when all the facts establishing the defense are apparent from a reading of the complaint and no claim of tolling is made, [then] the motion to strike is proper." Vilcinskas v. Sears, Roebuck Co., 144 Conn. 170,171-72 (1956).
The plaintiff has not raised a claim of tolling of the statute of limitations and does not claim that facts establishing the applicability of the statute of limitations are not apparent on the face of the amended complaint. The court may, therefore, rule on the merits of the defendants' motion to strike the sixth and seventh counts.
The plaintiff alleges that her sister, the plaintiff's decedent, died "on or about November 27, 1986." (paragraph 8, sixth and seventh counts.) In the sixth count, the plaintiff CT Page 2653 alleges that the defendants engaged in various conduct which deprived the plaintiff's decedent of her rights as a patient in a nursing home facility, in violation of General Statutes 19a-550
(see addendum 2). The plaintiff alleges that as a result of these statutory violations, the plaintiff's decedent contracted salmonellosis and died (paragraph 12, sixth and seventh count). (The damages alleged to have been caused by these statutory violations are the same damages set forth in the first and second count.) The seventh count alleges the same statutory violations as the sixth count but characterizes the defendants' conduct as willful and/or reckless.
As previously noted, the plaintiff filed her amended complaint setting forth the sixth and seventh counts on March 9, 1989. General Statutes 52-555 (the wrongful death statute) provides in pertinent part:
 . . . no action shall be brought to recover such damages and disbursements but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of.
The plaintiff's decedent's "injury" (her death) was sustained on November 27, 1986, and the sixth and seventh counts were brought more than two years after that date. An amendment to a complaint will relate back to the date of the filing of the original complain if the amended complaint simply amplifies or expands what has already been alleged in support of the original cause of action, provided the identity of the cause of action remains substantially the same. Sharp v. Mitchell, 209 Conn. 59, 71 (1988) (citations omitted). But when an entirely new and different factual situation is alleged in the amended complaint, a new cause of action is stated and the amendment speaks as of the date it is filed. Patterson v. Szabo Food Service of New York, Inc., 14 Conn. App. 178,182-83 (1988).
In the original complaint, the plaintiff alleges that the decedent's death was caused by the defendants' negligence (first count) and the defendants entering into a civil conspiracy (second count). The defendants' conduct alleged in the first count to have been negligent consists of failing to properly follow various medical and public health procedures involving food preparation and responding to and treating the alleged salmonella outbreak. The defendants' conduct alleged to have been in furtherance of a civil conspiracy in the second count involves failing to notify various people and agencies of the alleged outbreak. CT Page 2654
In the sixth and seventh counts, the defendants' conduct is alleged to have been in violation of General Statutes 19a-550. It consists of: 1) failing to inform the decedent of her medical condition; 2) failing to afford the decedent an opportunity to participate in planning her medical treatment; 3) failing to provide the decedent encouragement and assistance to exercise her rights as a patient; and 4) failing to treat the patient with consideration and respect.
It is clear to the court that the sixth and seventh counts present a new and different group of facts which are claimed to have caused the plaintiff's decedent's death, and therefore state a new and different cause of action. See Patterson v. Szabo Food Service of New York, Inc., supra, 182-183. The original complaint did not give the defendants fair notice that a claim for the decedent's death was being asserted based on the particular conduct alleged in the sixth and seventh counts. See Sharp v. Mitchell, supra, 72 and 73. Additionally, the sixth and seventh counts "depend on different facts to prove or disprove the allegations of a different basis of liability" than the original complaint. Id., 73.
Consequently, the sixth and seventh counts do not relate back to the date of filing of the original complaint and are, therefore, barred by the two year statute of limitations found in General Statutes 52-555. Accordingly, the defendants' motion to strike the sixth and seventh counts is granted.
In summary, the defendants' motion to strike is denied as to the second, third and fourth counts and granted as to the fifth, sixth and seventh counts.
FREED, JUDGE