[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONS TO STRIKE COUNTS ALLEGING INTER ALIA CUTPA VIOLATIONS IN SALE OF STOCK
Plaintiffs Harry, Helen, David, James, Gerald and Carl Wunsch filed this complaint in six counts on September 6, 1988 against defendants Milford Crane and Machine Co. [Milford Crane], Silent Hoist Crane Co. [Silent Hoist], Martin Wunsch and Peter Wunsch. Plaintiffs filed an amended complaint on March 9, 1989. Plaintiffs allege in count one that they were shareholders in Milford Crane and that they all, with the exception of Carl Wunsch, sold their shares to Milford Crane in 1981. Plaintiffs allege that Milford Crane was originally organized to carry on a portion of Silent Hoist's business in CT Page 7448 Connecticut by Silent Hoist's management, including defendants Martin and Peter Wunsch. Plaintiffs allege that defendants Milford Crane, and Martin and Peter Wunsch have, before and after 1981, breached duties owed to Milford Crane and the shareholders, including failure to provide shareholders with adequate financial information and failure to act in the best interest of Milford Crane and its shareholders. Plaintiffs allege that they all, with the exception of Carl Wunsch, sold their shares of Milford Crane stock to Milford Crane in 1981 for $25.00 a share. Plaintiffs allege that, unknown to them, the stock at the time of sale was worth far more than the price paid. Plaintiffs further allege that defendants Milford Crane and Martin Wunsch fraudulently failed to disclose the true value of the shares to them at the time of the sale. Plaintiffs include all allegations of each preceding count in counts two through six.
Plaintiffs also allege in count two that such failure to disclose the true value of the shares constituted a breach of defendant Martin Wunsch's and Milford Crane's fiduciary duty to plaintiffs. In count three, plaintiffs allege that defendants Milford Crane and Martin Wunsch have been unjustly enriched as a result of the sale and that the sale should be rescinded.
In count four plaintiffs allege that defendants Milford Crane and Martin and Peter Wunsch claim to have several agreements among Milford Crane shareholders not to pay more than $25.00 per share but that these agreements are invalid, unenforceable and constitute inequitable restraints on alienation.
In count five plaintiffs allege that all the plaintiffs except for Carl Wunsch have equitably all the rights of record shareholders. Plaintiffs allege that therefore they have a derivative right of action against Martin and Peter Wunsch for (1) mismanagement, self-dealing and breach of fiduciary duty to Milford Crane and (2) diversion of Milford Crane profits to themselves and defendant Silent Hoist. Plaintiffs allege that they also have a derivative right of action against Silent Hoist for diversion of Milford Crane's profits, unfair dealing and tortious interference with Milford Crane's business and contracts. Plaintiffs also allege that Milford Crane, despite their requests, has failed to bring suit against Martin Wunsch and Silent Hoist. In count six, plaintiffs allege that the foregoing allegations constitute CUTPA violations.
The defendants have filed a motion to strike counts five and six of the complaint as to plaintiffs Harry, Helen, David, James and Gerald Wunsch for lack of standing. Memoranda in support accompany their motions. Plaintiffs have filed a CT Page 7449 memorandum in opposition.
 Whenever any party wishes to contest . . . the legal sufficiency of the allegations of any complaint, . . . or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof.
Conn. Practice Bk. 152.
"We must take the facts to be those alleged in the plaintiff's complaint in the manner most favorable to the pleader." Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471,472 (1980). "When more than one ground is raised in a motion to strike the judge must specify in writing the grounds upon which his decision is based." Fraser v. Henninger,173 Conn. 52, 54 (1977). "Each motion to strike . . . shall separately set forth each such claim of insufficiency and shall distinctly specify the reason or reasons for each such claimed insufficiency." Conn. Practice Bk. 154. Although defendants' motion to strike states only that the plaintiffs lack standing and therefore does not strictly comply with Conn. Practice Bk. 154, the court shall analyze the arguments raised in defendants' memoranda in support of their motion to strike, to wit:
(1) that the plaintiffs lack standing to bring a derivative action because they are not shareholders and
(2) that plaintiffs are precluded by the statute of limitations.
A. Standing in Derivative Action — Count Five
Defendants argue in their memoranda that plaintiffs have no right to bring a derivative action on behalf of Milford Crane because they sold their stock in Milford Crane in 1981 and therefore are not shareholders. Plaintiffs contend that they are equitable shareholders of Milford Crane, having all the rights of record shareholders. Plaintiffs assert in their memorandum in opposition that they still own the shares of stock which they sold because Martin and Peter Wunsch acted fraudulently when they failed to disclose the true value of the stock, thereby making the sale void.
"Fraud in the inducement of a contract ordinarily renders the contract merely voidable at the option of the defrauded party, who also has the choice of affirming the contract and CT Page 7450 suing for damages." A. Sangivanni Sons v. F. M. Floryan 
Co., 158 Conn. 467, 472 (1969). In accordance with the foregoing principle of A. Sangivanni Sons, supra, the Court finds that the plaintiffs have alleged sufficient facts to confer standing to bring the derivative action alleged in count five. The motion to strike count five on the basis that plaintiffs lack standing is denied.
B. Statute of Limitations — Counts Five and Six
1. Count Five
Defendants argue that plaintiffs are precluded by the three year limitation in Conn. Gen. Stat. 52-577 from bringing the derivative action alleged in count five. Plaintiffs contend that the statute of limitations must be raised as a special defense and not on a motion to strike. "Ordinarily, the statute of limitations must be raised by a special defense." Bowrys v. Santanella, 39 Conn. Sup. 102, 106 (1983). Nevertheless, "When all the facts establishing the defense are apparent from a reading of the complaint, and no claim of tolling is made, the motion to strike is proper." Allen v. Endrukaitis, 35 Conn. Sup. 286, 288 (1979). Conn. Gen. Stat.52-588 provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." Conn. Gen. Stat. 52-577.
Defendants argue that since this complaint was not filed until September 6, 1988 and plaintiffs allege in the complaint that they sold their stock in 1981, it is apparent from reading the complaint that plaintiffs are precluded by Conn. Gen. Stat.52-577 from bringing the cause of action alleged in count five. Plaintiffs contend that since defendant fraudulently concealed the cause of action by failing to disclose the true value of the stock at the time of sale, Conn. Gen. Stat.52-595 tolls the statute of limitations. Conn. Gen. Stat.52-595 states that "[i]f any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence."
Since it is not apparent from the complaint that plaintiffs are precluded from bringing the cause of action alleged in count five, the Court finds that the statute of limitations should have been raised as a special defense. Accordingly, defendants motion to strike, raising the statute of limitations in this context is denied. CT Page 7451
2. Count Six CUTPA
a. Sale of Stock
Plaintiffs allege in their complaint that the sale of stock occurred in 1981. The defendant argue in their motion to strike that plaintiffs are prevented by the statute of limitations from bringing a CUTPA claim based on defendants' alleged fraudulent failure to disclose the true value of the stock, since the sale occurred in 1981, seven years before this action was filed. Plaintiffs contend that defendants' fraudulent concealment tolled the statute of limitations.
When ". . . the complaint sets forth all the facts pertinent to the question [of] whether the action is barred by the statute of limitations . . . it is proper to raise that question by [a motion to strike] instead of by answer." Vilcinskas v. Sears, Roebuck Co., 144 Conn. 170, 172 (1956).
An action under CUTPA, Conn. Gen. Stat. 42-110a et seq. ". . . may not be brought more than three years after the occurrence of a violation of this chapter." Conn. Gen. Stat. 42-100g(f).
 Unlike the statutes of limitation of some other states applicable to unfair trade practices legislation analogous to our CUPTA, which expressly allow a certain period following the discovery of the deceptive practice for commencing suit; (citations omitted) section 42-110g(f) provides only that an action must be brought within three years "after the occurrence of a violation of this chapter."
Fichera V. Mine Hill Corp., 207 Conn. 204, 212 (1988).
 Since CUTPA PA violations are defined in General Statutes 42-110b to include "deceptive acts or practices in the conduct of any trade or commerce," it is evident that the legislature intended that the perpetrators of such fraudulent practices, as well as other CUTPA violators, should be permitted to avail themselves of the statute of limitations defense provided by 42-110g(f). Despite the existence in other states of statutes of limitation applicable to unfair trade practices establishing a limitation period for bringing an action that begins after discovery of the violation, our legislature has failed to create CT Page 7452 such an option for victims of CUTPA violations in this state.
Fichera, supra at 216.
It is clear that the three year statute of limitations found in Conn. Gen. Stat. 42-110g(f) cannot be tolled by allegations of fraudulent concealment of the true value of the stock. Accordingly, defendants' motion to strike on this ground is granted.
b. Derivative Action on Behalf of Milford Crane
Defendants assert that the three year statute of limitations set forth in C.G.S. 42-110g(f) precludes the plaintiffs from bringing a CUTPA claim alleging mismanagement, self-dealing and breach of fiduciary duty. Plaintiffs allege in their complaint that defendants Martin and Peter Wunsch's self-dealing, mismanagement, and breach of fiduciary duty to Milford Crane began prior to 1981, when plaintiffs sold their stock, and continued thereafter.
It is submitted that, reading the complaint in the light most favorable to the plaintiff, the principal allegations of this count represent ongoing conduct. Since it is not apparent from the complaint that plaintiffs are precluded by the time period provided for bringing a CUTPA claim based on alleged mismanagement, et seq. of Milford Crane, the motion to strike count six as to the derivative action on behalf of Milford Crane is denied.
CLARANCE J. JONES, JUDGE