[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE (124)
In this action plaintiff Robert J. Banasiewicz seeks to recover for personal injuries resulting from a gunshot wound inflicted by William Ryiz. The amended complaint sets forth the actions in three counts. The first count is directed against defendant Donald Burdick in his capacity as first selectman of the town of Griswold. The second count is directed against the town of Griswold and the third count is a derivative claim for loss of consortium.
The amended complaint alleges that defendant Burdick in his capacity as first selectman of defendant town issued a pistol permit to Ryiz and that Ryiz used this permit to purchase the weapon with which he caused the injuries to plaintiff.
Defendants have moved to strike all three counts. For reasons hereinafter stated the motion must be granted.
"A motion to strike challenges the legal sufficiency of a pleading. . . it admits all facts well-pleaded; it does not admit legal conclusions or the truth or accuracy of opining stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985).
Defendants have set forth the following grounds in their motion: CT Page 9998
 a) Count One and Two sound in negligence, and are barred as a matter of law pursuant to the provisions of General Statutes Section 52-557n(b)(7).
 b) Plaintiffs have failed to allege a claim of recklessness in Counts One and Two of their complaint.
 c) Plaintiffs' claim in Count Three, as a derivative claim, likewise should be stricken.
Plaintiffs argue in their memorandum in opposition to the motion to strike, that the complaint does, contrary to defendants' assertions, set forth a legally cognizable claim sounding in recklessness.
General Statutes Section 52-557n(b)(7) relied upon by defendants in the motion excuses from liability any political subdivision or officer thereof in the issuance of any permit when such authority is a discretionary function unless the issuance of such permit constitutes a reckless disregard for health and safety.
The gravamen of all three counts of the complaint is that defendant Burdick issued the permit to Ryiz in reckless disregard within the meaning of General Statutes Section52-557n(b)(7) by violating General Statutes Section 29-28 and29-29 since Ryiz was mentally ill and not a suitable person for such permit.
General Statutes Section 29-28 provides, in relevant part, that a "selectman may issue a permit. . . to carry a pistol. . . provided (he) shall find that such applicant intends to make no use of any pistol. . . other than a lawful use and that such person is a suitable person to receive such permit." Section 29-29 states that "No permit. . . shall be issued under the provisions of Section 29-28 unless the applicant for the same gives to the issuing authority, upon its request, full information concerns his criminal record, and such issuing authority shall thereupon. . . make an investigation concerning his suitability to carry any such weapons."
The reason that intentional and reckless misconduct are treated the same is that the conduct in both cases is outrageous, and the difference between the two in a conceptual sense is microscopic." Kowal v. Hofher, 181 Conn. 355, 361-362,463 A.2d 1 (1980). "Wilful misconduct is intentional misconduct, and wanton misconduct is reckless misconduct, which is the CT Page 9999 equivalent of wilful misconduct." Id. at 662, citing Menne v. Kalmonowitz, 107 Conn. 197, 199, 139 A. 698 (1928). Wanton misconduct is marked by a "reckless disregard for the just rights or safety of others or of the consequences of action." Id. at 362, citing Menzie at 199.
"While we have attempted to draw definitional distinctions between the terms wilful, wanton or reckless, in practice the three terms have been treated as meaning the same thing." Dubay v. Irish, 207 Conn. 518, 533, 542 A.2d 711
(1988). "Alleging that one acted `recklessly' means that the conduct was wilful." Bowrys v. Santanella, 39 Conn. Sup. 102,104, 470 A.2d 1245 (1983). "The mere use of the words `reckless' and `wanton' is insufficient to raise an actionable claim of reckless and wanton misconduct." Sheiman v. LafaYette Bank and Trust Company, 4 Conn. App. 39, 46, 492 A.2d 219
(1985). See also Prosser and Keaton, Torts (5th Ed.) Section 34, pgs. 213-214.
To be legally sufficient, a claim sounding in recklessness must set forth facts alleging that defendant Burdick knew or should have known of the highly dangerous condition at issue. For example there is no claim alleged that Burdick knew of Ryiz's alleged mental condition or that a reasonable person in Burdick's position would have had such knowledge.
It is noted that the only affirmative investigatory duty that the general statutes place on Burdick the issuing authority concerns criminal records. Though alleging that the issuing authority knew or should have known that Ryiz was not "suitable" to carry weapons, the plaintiffs set forth no facts alleging that the issuing authority knew or had any reason to know about Ryiz's alleged mental problem, more specifically, post traumatic stress disorder. The plaintiff fails to allege facts showing that a reasonable person in the position of defendant Burdick would have reason to know of Ryiz's alleged post traumatic stress disorder.
Considering the allegation of the complaint in the light most favorable to plaintiffs it cannot be found that the complaint sets forth a legally sufficient cause of action based upon recklessness. For these reasons the motion to strike must be granted.
Accordingly the motion to strike is granted.
Purtill, J.