[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE #106
ISSUES
1. Should motion to strike the first count be granted when a plaintiff seeks damages under a Title VII claim, but the conduct complained of occurred prior to the enactment of the Civil Rights Act of 1991?
2. If a cause of action has been sufficiently pled for unintentional infliction of emotional distress, will this claim be preempted and barred by the Workers Compensation Act?
FACTS CT Page 1497
The plaintiff, Diane Kinosh, filed a three-count revised amended complaint alleging that the first named defendant, Stephen Chevrolet, Inc. ("the defendant"), and the additional defendant, Center Subaru, Inc. ("the defendant's dealership"), wrongfully discharged the plaintiff which constituted sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.
The defendant has not filed an answer.
On April 25, 1992, the defendant filed a motion to strike paragraphs seventeen and eighteen of the first count and claims for relief (as to the first count) number three (compensatory damages) and four (punitive damages) as set forth in the plaintiff's revised amended complaint. The defendant moves to strike the first count on the grounds that compensatory and punitive damages are not available under Title VII, 42 U.S.C. § 200e et. seq., as it applied to conduct occurring prior to November 21, 1991. Further, the defendant argues that the complaint is insufficient to award punitive damages.
DISCUSSION
The purpose of the motion to strike is to challenge the legal sufficiency of the allegation of any complaint. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988). In judging the motion, it does not matter whether the party can prove the allegations at trial. Levine v. Bess and Paul Sigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129, 131 (Super. ct. 1983),471 A.2d 679 (1983). The motion admits all facts well-pleaded, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). The sole inquiry is whether the plaintiff's allegation, if proved, states a cause of action. Id.
The question of retroactivity, as it relates to Title VII, 42 U.S.C. § 2000e et seq., must be pleaded as a special defense. Just as it is improper for a defendant to raise a statute of limitations defense in a motion to strike, Bowrys v. Santanella, 39 Conn. Sup. 102, 106, 470 A.2d 1245 (1983), the interpretation of legislation presents a question of law, Pascale v. Board of Zoning Appeals, 150 Conn. 113, 116, CT Page 1498 196 A.2d 377 (1962), which should be pleaded as a special defense.
Moreover, a motion to strike is not the proper procedural tool to use when seeking to strike individual paragraphs of a count contained in a complaint. The motion is used ". . . to strike the whole or any portion of any pleading or count which purports to state an entire cause of action or defense . . . and it shall not remove such pleading or count . . . so far as the same is applicable to any other cause of action or defense." (Emphasis added). Practice Book 158. The defendants in the above-captioned matter have moved that the court strike paragraphs 17 and 18 of the first count as set forth in the plaintiff's revised amended complaint. Paragraphs 17 and 18 provide:
 17. As a further result of the defendant's unlawful conduct, the plaintiff has suffered from mental and emotional pain and anguish, inconvenience, loss of self esteem, interference with her marital and personal relationships, and diminution of her enjoyment of life.
 18. As a further result of the defendant's unlawful conduct, the plaintiff has suffered damage to her financial position, in that the defendant's [sic] have affected her ability to maintain a steady source of income from employment, her ability to secure employment, and damage to her credit history and rating.
Plaintiff's Revised Amended Complaint, First Count, Paragraphs 17 and 18, (April 13, 1992).
These paragraphs cannot be stricken, for they do not purport to state an entire cause of action or defense as stated in Practice Book 158.
Questions regarding the exclusivity of the Workmens Compensation Act and the election of whether to proceed thereunder must be raised by special defense. In Grant v. Bassman, 221 Conn. 465, 4571-73, 604 A.2d 814 (1991), the court addressed the question of whether a claim that an injured plaintiff has elected workers' compensation as an CT Page 1499 exclusive remedy would deprive the superior court of subject matter jurisdiction. Although the court in Grant dealt with her propriety of a motion to dismiss, (as opposed to a motion to strike), the court held that the trial court should not have granted the motion to dismiss. An election of workers' compensation as an exclusive remedy relies on facts outside those alleged in the complaint . . . a special defense, not a motion to dismiss, is the proper procedural vehicle for such a challenge to the complaint. Id. 465. Likewise, the defendant in the captioned matter should have pleaded the exclusivity of the Workers Compensation Act as a special defense.
Philip R. Dunn, J.