[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant moves to strike the first and second counts of the plaintiff's complaint on the ground that they are barred by the statute of limitations. The defendant argues that the plaintiff seeks specific performance of the exchange agreement and therefore, his claims are governed by General Statutes47-33a. Section 47-33a provides, in relevant part, that
 [n]o interest in real property existing under an executory agreement for the sale of real property or for the sale of an interest in real property shall survive longer than one year after the date provided in the agreement for the enforcement of it . . . . Nothing in this section shall be construed to limit or deny any legal or equitable rights a party may have under the agreement except the right to have the agreement specifically enforced.
(Emphasis added.) General Statutes 47-33a(a), (c).
In opposition, the plaintiff argues that 47-33a is inapplicable in that he is not seeking specific performance, and even if 47-33a applies, the running of the statute limitations is an issue which should be raised as a special CT Page 1674 defense and is improperly raised in a motion to strike.
Generally, the statute of limitations may not be raised by a motion to strike, but must be specially pled. Travelers Indemnity Co. v. Robin, 209 Conn. 437, 446, 551 A.2d 1220
(1988); Bowrys v. Santanella, 39 Conn. Sup. 102, 106,470 A.2d 1245 (1983); Practice Book 164. However, a motion to strike is the proper vehicle to raise the statute of limitations issue where the parties agree to the pertinent facts, where the complaint anticipates the statute of limitations defense and attempts to overcome it, or where the statute creating the right fixes the time of its enforcement. Morrissette v. Archambault,31 Conn. Sup. 302, 303 (Super.Ct. 1974); MacKenzie v. Caldor, Inc., 5 CSCR 557 (June 18, 1990, Lewis, J.); Kozanski v. The Tobacco Shed, 5 CSCR 47 (November 14, 1989, Hennessey, J.).
The parties have not agreed upon the pertinent facts and the complaint does not anticipate any statute of limitations defense. General Statutes 47-33a does not create the plaintiff's breach of contract right but merely limits said right where the plaintiff seeks specific performance. Moreover, even if 47-33a created a right, the plaintiff's complaint does not mention General Statutes 47-33a, and the prayer for relief does not seek specific performance. Therefore the defendant's motion to strike is denied.
LEHENY, J.