[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE
On December 8, 1994, the plaintiff, Millbrook Owners' Association, Inc.,[1] filed a single count complaint against the defendant Town of East Windsor. The complaint alleges that the Town's building inspector failed to inspect building plans adequately and negligently issued certificates of occupancy for the residential condominium owned by the plaintiff despite the alleged defects.
On February 28, 1995, the defendant filed a motion to strike the plaintiff's entire complaint on the grounds that the public duty doctrine and the doctrine of governmental immunity bar any liability the Town may incur and that the plaintiff failed to CT Page 12851-T comply with the procedural prerequisites required before bringing suit against the Town.[2] Additionally, the defendant moved to strike the entire complaint because the plaintiff failed to bring its claim within the scope of Connecticut General Statutes sec.52-557n.
Pursuant to Practice Book sec. 155 the defendant has filed a memorandum in support of its motion to strike, and the plaintiff has filed a timely memorandum in opposition.[3]
The purpose of a motion to strike is to challenge the legal sufficiency of the pleadings. RK Constructors, Inc. v. FuscoCorp., 231 Conn. 381, 384, 650 A.2d 153 (1994); Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). The motion to strike admits all well pleaded facts.Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 217 (1987). The motion to strike "does not admit legal conclusions or opinions stated in the complaint." Westbrook Bank Trust Co. v. Corcoran,Mallin Anesco, 221 Conn. 490, 495, 605 A.2d 862 (1992).
In reviewing the motion to strike the court must construe the complaint in the light most favorable to the plaintiff. RKConstructors, Inc. v. Fusco Corp., supra, 231 Conn. 384;Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, CT Page 12852 214-15, 618 A.2d 25 (1992). If the complaint contains the necessary elements of a cause of action, it will survive a motion to strike. D'Ulisse-Cupo v. Board of Directors of Notre Dame HighSchool, 202 Conn. 206, 218-19, 520 A.2d 217 (1987). If the complaint alleges mere conclusions of law that are unsupported by the facts alleged, however, the court may properly grant the motion to strike. Novametrix Medical Systems, Inc. v. BOC Group,Inc., supra, 224 Conn. 215. Moreover a defendant may raise the issue of immunity in a motion to strike based on the sufficiency of the complaint. Heigle v. Board of Education, 218 Conn. 1, 3,587 A.2d 423 (1991). Therefore, the defendant's motion to strike is properly before this court.
The defendant argues that absent a showing of reckless disregard for the health or safety of individuals Connecticut General Statutes secs. 52-557n(b)(7) and (b)(8) provide immunity to officials and employees of the city for any liability incurred from issuing permits or inspecting property. The relevant portions of General Statutes sec. 52-557n state in pertinent part:
 "(b) Notwithstanding the provisions of subsection (a) of this section, a political subdivision of the state or any employee, officer or agent acting within the scope of his employment or official duties shall not be liable for damages to person or property resulting from. . . . (7) the issuance . . . of . . . any permit . . . when such authority is a discretionary function by law, unless such issuance, denial, suspension or revocation or such failure or refusal constitutes a reckless disregard for health or safety; (8) failure to make an inspection or making an inadequate or negligent inspection of any property. to determine whether the property complies or violates any law or contains a hazard to health or safety, unless the political subdivision had notice of such violation of law or such a hazard or unless such failure to inspect or such inadequate or negligent inspection constitutes a reckless disregard for health or safety under all of the relevant circumstances. . ." (Emphasis added.)
Sections 52-557n(b)(7) and (b)(8) codify the exceptions to the general rule granting immunity to municipal officials acting in discretionary government functions. Fusco v. Town ofColchester, Superior Court, judicial district of New London at Norwich, Docket No. 98347, 9 Conn. L. Rptr. 526, 527 (September 13, 1993, Mihalakos, J.). In order to sustain a cause of action CT Page 12853 under Connecticut General Statutes sec. 52-557n(b)(7) or52-557n(b)(8), the plaintiff must allege that the failure or issuance of any permit or certificate constituted a reckless disregard for health or safety. In the present case, the plaintiff has failed to set forth sufficient allegations to maintain a claim for wilful, wanton or reckless conduct under secs. 52-557n(b)(7) and (b)(8).
"Reckless or wanton misconduct requires a conscious choice of a course of action either with the knowledge of the serious danger to others involved in it, or knowledge of facts which would disclose the danger to any reasonable person, and the actor must recognize that the conduct involves a risk substantially greater than negligence." Fusco v. Town of Colchester, Superior Court, judicial district of New London at Norwich, Docket No. 98347, 9 Conn. L. Rptr. 526, 527 (September 13, 1993, Mihalakos, J.); Shiman v. Lafayette Bank Trust Co., 4 Conn. App. 39, 45,492 A.2d 219 (1985). Reckless conduct constitutes highly unreasonable conduct involving an extreme departure from ordinary care. Dubay v. Irish, 207 Conn. 518, 532-33, 542 A.2d 711 (1988).
A claim of negligence however, cannot be transformed into a claim of wanton wilful and reckless misconduct merely by appending adjectives such as "intentionally" and "knowingly" to allegations clearly sounding in negligence. Brown v. Town ofBranford, 12 Conn. App. 106, 110, 529 A.2d 743 (1987). "To be legally sufficient, a claim sounding in recklessness must set forth facts alleging the defendant knew or should have known of the highly dangerous conduct at issue." Banasiewicz v. Town ofGriswold, Superior Court judicial district of New London at New London, Docket No. 5132495, 5 Conn. L. Rptr. 635, 636 (November 12, 1991, Purtrill, J.). The plaintiff also must allege that the action producing the injury and the resulting injury was intentional. Dubay v. Irish, supra, 207 Conn. 533.
In the complaint, the plaintiff alleges that the building inspector knew or should have known that the building failed to meet the basic standards for the particular type of construction project and that the building inspector knew or should have known that the construction did not conform with the building code's proscribed standards. The plaintiff fails, however, to allege that the building inspector acted intentionally in producing the injury and that the injury itself was intentional. For these reasons the plaintiff's complaint is legally insufficient. It fails to state a cause of action pursuant to either sec. 52-557n
CT Page 12854 (b)(7) or sec. 52-557n(b)(8) Accordingly the defendant's motion to strike is granted.[4]
Potter, J.